IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA, 1887.

## THE BOROUGH OF EASTON v. JOHN RINEK et al.

ERROR TO THE COURT OF COMMON PLEAS OF NORTHAMPTON
COUNTY.

Argued March 10, 1887—Decided March 21, 1887.

In a proceeding against a municipality to recover damages for property
taken in the opening of a street, the plaintiff is not estopped by a deed
executed by a predecessor in title before the street was opened, calling
for the line of said street, but for property in a block different from that
of the property taken.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STER-
RETT, GREEN and CLARK, JJ.

No. 224 January Term 1887, Sup. Ct.; court below,
No. 17 December Term, 1885, C. P.

On August 24, 1885, viewers were appointed by the Court
of Quarter Sessions for Northampton county to assess dama-
ges to John Rinek, Thomas Rinek and Henry Rinek, caused by
the opening of Eighth street, in the Borough of Easton. The
viewers' report was filed assessing damages against the borough
and in favor of the parties named, in $2,432, whereupon the bor-
ough appealed from the report and assessment to the Court of
Common Pleas. Issue having been joined by statements on the

part of the claimants as plaintiffs, and the borough as defend-
ant, *secundum regulam*, a jury was called on October 26, 1886.

On the trial the plaintiffs put in evidence the charter of the
Borough of Easton and its supplements, and the several ordi-
nances relating to the opening of streets therein; deed from
Frederick Wagner and wife to Jacob Rinek, dated September
23, 1839, recorded; deed from Thomas McKean and wife to
Jacob Rinek, dated May 1, 1856, recorded; record of the
proceedings in partition in the estate of Jacob Rinek, deceased,
showing that by said proceedings the property in question be-
came vested in John Rinek; deeds from John Rinek and wife
to Henry Rinek and Thomas Rinek, each for an undivided
one third part; whereupon it was admitted by the defendant
that by the proceedings in partition in the Orphans' Court of
Northampton county, the property in question became vested
in John Rinek, and by him the undivided two thirds interest
in it was conveyed to Thomas and Henry Rinek. The plain-
tiff then proceeded with evidence showing that in April 1885,
in pursuance of a resolution of Town Council adopted July 7,
1884, Eighth street of said borough was opened and graded
from Ferry street to Lehigh street, with the damages occas-
sioned thereby to the plaintiffs' property along the line thereof,
and rested. Then on motion of defendant's counsel, court was
adjourned and the jury, accompanied by counsel for plaintiffs
and defendant, proceeded to inspect the premises in question,
plaintiffs' counsel assenting.

A plan of the streets and property affected thereby, is shown
by the diagram on page 3,—Spruce Alley being twenty feet,
and Eighth street, sixty feet in width.

The defendant then proved the record of a deed from Jacob
Rinek and wife to Samuel K. Miller, dated April 12, 1861, for
" all that certain lot or piece of ground situated in the West
Ward of the said Borough of Easton, beginning at the south-
east corner of Ferry and Eighth streets, as laid out in the new
plan of said town, thence east 60 feet . . . . . to said Eighth
street, then north along the east line of said Eighth street,
etc., . . . . . containing in front on said Ferry street, etc.,
. . . . . ; " also the record of a map of Easton, dated Novem-
ber 7, 1873; which records were offered in evidence but on
objection were, for the time being, withdrawn. After evidence

then adduced as to the damages caused to the plaintiff's property by the opening of Eighth street, the following offer was made :

Defendant now offers in evidence the records of the Recorder's office to show that Jacob Rinek, during his lifetime, made conveyances by which he recognized the existence of Eighth street.[1]

Also the official borough map of the Borough of Easton for the purpose of showing the jury that Eighth street had been marked on the borough chart for many years, and that it has the official stamp of the corporation of the Borough of Easton

upon it; and that if Jacob Rinek in his lifetime sold any lots on Eighth street, or that if he made any conveyances by which he recognized the existence of Eighth street, that is a fact which in itself dedicates Eighth street to public use; and that these plaintiffs who claim title to this property through Jacob Rinek are estopped from setting up any claim for damages for the taking of any land for the opening of Eighth street.[2]

Objected to, for the reason that the record of the deed which is offered in evidence is not a record of the conveyance of any part of the property in question; and for the reason that the grantee in that deed is not a party to this suit nor interested in the result of it; and, generally, that it is incompetent and irrelevant; and that the defendant cannot prove the dedication of Eighth street, from Lehigh to Spruce street, by offering the record of the conveyances of another property situated on that street in evidence, a property not between the same two points, that is, not between Spruce street and Lehigh street; and objected to further, that the borough map appears to have been made in 1873, after the death of Jacob Rinek.

By the Court.—The objection is sustained and bill sealed for the defendant.

The case being closed on the evidence, the court, W. W. Schuyler, P. J., charged the jury:

The undisputed facts are that on May 4, 1885, the authorities of the Borough of Easton opened Eighth street in this borough, between Lehigh and Spruce streets, and that in so doing they took for the purposes of the new street a strip of land belonging to the plaintiffs sixty feet in width by one hundred and ninety-six feet in depth. The present proceeding has been instituted under the Act of Assembly to recover damages which plaintiffs allege they have sustained by reason of this action on the part of the defendant borough.

Plaintiffs claim that they are entitled to be compensated in damages to the extent of the value of the land thus taken by the defendant, and we so say to you, subject to the qualification to be presently mentioned. [You have heard the testimony as to the value of the land taken. The witnesses differ widely in their estimates, but it is your duty to reconcile these differences as best you may, and to say what this value was at the time the street was opened, and your verdict will be for

that sum, together with interest to the present time, unless you find that the property of the plaintiffs, which remained after the opening of Eighth street, was benefited by the opening of said street.][3]

Defendant contends that the opening of Eighth street enables plaintiffs to cut up their remaining property to better advantage, and that its value was thereby enhanced. It is for you to determine how the fact is. [If you find that the remaining property has been benefited by the opening of the new street, you will next find how much, and your verdict will be for the value of the property taken, less the enhanced value of the property not taken, together with interest on the balance from May 4th, 1885, to the present time.][4]

The jury found in favor of the plaintiffs for $2,482.54. A rule for a new trial was discharged, the court saying:

None of the authorities cited by the learned counsel for the defendant go to the length that the sale of a lot described as bounded by a street is sufficient evidence of the dedication of such street to public use, no matter how long the street may be or how many streets may intersect it, and I should hesitate to be the first to announce such a doctrine. In the case in hand Ferry and Spruce streets furnish an outlet to the vendees of Jacob Rinek both ways, and this is all that can fairly be said to have been within the contemplation of the parties. By holding that the dedication extends to all the lots within the same block, it is going as far as there is precedent, and as far, I am of opinion, as the justice of the present case requires. See *In re* Thirty-ninth St., 1 Hill, 189.

1886, November 9, rule discharged.

Judgment being entered upon the verdict, the defendant took this writ, assigning for error:

1. The refusal of defendant's offer.[1]
2. The refusal of defendant's offer.[2]
3. The part of the charge embraced in [ ][3]
4. The part of the charge embraced in [ ][4]

*Mr. Wm. Beidelman* for the plaintiff in error.

1, 2. There can be no recovery of damages by the plaintiffs on account of the opening of Eighth street, because said street has been dedicated to public use, not only by plaintiffs' prede-

cessor in title but by the plaintiffs themselves. The record of the conveyances should have been admitted to prove this dedication of Eighth street to public use: *In re* Pearl street, 111 Penn. St. 565. The land for which damages are claimed adjoins the lot sold by Jacob Rinek to S. K. Miller: *In re* Thirty-ninth street, 1 Hill, 189. Where a street is designated on a commissioner's map as passing over certain lands, and the owner of the lands subsequently sells them on such street, such act alone, without any user by the public, is deemed a dedication of the whole street, so far as it passes through his land, to public use: *In re* Thirty-second street, 19 Wend. 128; Schenley v. Commonwealth, 36 Penn. St. 62; City of Philadelphia v. Ash, 15 Phila. 45; *In re* Story Street, 11 Idem 456.

3, 4. In estimating the damages sustained by the opening of a street, the proper measure is the difference between what the property would bring in the market before the improvement, and what after the improvement was made, without reference to the purpose for which it may be used: Cummings v. City of Williamsport, 84 Penn. St. 472; Shenango & Allegheny R. Co. v. Braham, 79 Idem 447.

*Mr. Russell C. Stewart* for the defendants in error.

The Court declined to hear Mr. S.; his brief, however, showed:

1, 2. In the case *In re* Pearl Street, 111 Penn. St. 565, more fully reported in 17 W. N. 321, the original dedication was by the Baring estate in 1856, plan made and recorded in 1857, and in 1871, Pearl street was put upon the City plan of same width as in the original dedication. *In re* Story Street, 11 Phila. 456, Story street was originally of the width of twenty feet; afterwards it was put on the City plan as of thirty feet; Freeman conveyed to Pearson a lot described as on North side of Story street as laid out and opened of the width of thirty feet; this lot sold was part of the same block as the part for which he claimed damages. In Schenley v. Commonwealth, 36 Penn. St. 63, a reference to same case as reported Idem 29, it will be shown that the streets had all been opened for over twenty-one years. In City of Philadelphia v. Ash, 15 Phila. 45, there had been a dedication in 1855, prior to the deed to Ash, which contained notice of this dedication. *In re* Thirty-

second Street, 19 Wend. 128, the deeds referred to a map made by original owner and which was identical with the official map. *In re* Thirty-ninth Street, 1 Hill, 189, the rule is laid down exactly as stated in the opinion of the court below discharging the rule for a new trial. In Massachusetts, the rule is opposed to the New York cases: Bowers v. Suffolk Mfg. Co., 4 Cush. 332.

There is no case in this or any other state which holds that a mere mention of a street in a conveyance of property remote from the block in question will operate as a dedication of the street through the block: McCall v. Davis, 56 Penn. St. 434; Hall v. McCaughey, 51 Idem 43. The mere laying out of a street is not a taking of property, and it is only when it is opened that the land-owner is entitled to compensation: District of the City of Pittsburgh, 2 W. & S. 320; Funk v. School District, 18 W. N. 447; *In re* Forbes Street, 70 Penn. St. 137. The intention to dedicate ought to be clearly manifest, in order to deprive a land-owner of his property: Griffin's App., 42 Leg. Int. 437.

3, 4. The charge as a whole directed the attention of the jury to every material question on the subject of damages. The rule as to damages has been the same from Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 411, down to Pittsb., Bradf. & Buff. R. Co. v. McCloskey, 16 W. N. 561, and trial judges need not repeat it word for word. We refer to opinions of trial courts which have been affirmed in this Court: Patten v. Railroad Co., 33 Penn. St. 426; East Penn. R. Co. v. Hottenstine, 47 Idem 30.

The charge must be taken as a whole. Parts cannot be cut out and assigned as error: Little Schuylkill Nav. R. Co. v French, 2 W. N. 718; Carothers v. Dunning, 3 S. & R. 373; Reeves v. Railroad Co., 30 Penn. St. 460.

PER CURIAM:

No question arises here between the vendor and vendee of land fronting on a street. The sole claim is by the owner of the land against the municipality for damages which he sustained by its taking of his land for a street. No damages were sustained until the street was opened.

Judgment affirmed.