# Bellefield Avenue.   White's Appeal.   Granger's Appeal.

*Road law—Opening streets—Dedication by reference to plot.*

The clearly manifest intention to dedicate must be shown before the owner can be deprived of his property on that ground.

The fact that an owner recognized the existence of an avenue and referred to it as a boundary in grants of land abutting on it and contiguous to it after it was located by the municipality and before it was opened will not operate to prevent such owner from claiming damages for the loss of the land upon which the avenue is located.

, Argued April 14, 1896.   Appeals, Nos. 20, 21, April Term, 1896, by Rose White, William M. Granger and J. P. Cappeau, from decree of C. P. No. 3, Allegheny Co., May T., 1892, No. 680, allowing damages and assessing benefits for the opening of Bellefield avenue in the city of Pittsburg.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Affirmed.

Report of jury of view awarding damages and assessing benefits.

The facts are stated in the opinion of the Superior Court as follows :

This proceeding was begun in the court of common pleas of Allegheny county by a petition on behalf of the city of Pitts- burg asking for the appointment of viewers to assess the dam- ages and benefits arising from the opening of Bellefield avenue from Forbes street to Centre avenue, in the 13th and 14th wards of the city.   Viewers were appointed who after considerable delay made a final report in which they fixed the damages and benefits, and the appellant was assessed for special benefits to his property which the viewers found would accrue to it by opening the avenue.   The regularity of the proceedings is unquestioned, and no objection is made to the quantum of damages and benefits, on the basis adopted by the viewers.

*Errors assigned* were in finding that Mary E. Schenley, owner of the land taken for Bellefield avenue, had not previously dedicated part of it to the public use and was therefore not en- titled to damages for that part.

*R. H. Douglas* and *W. S. Woods*, for appellant.

*R. B. Petty* for *Mary E. Schenley*, *J. H. Beal*, assistant city attorney, and *Clarence Burleigh*, city attorney, for the city of Pittsburg.

OPINION BY SMITH, J., July 16, 1896 (after stating the facts as set out in the above statement):

The appellant contends that Mrs. Mary E. Schenley, the owner of the land taken for Bellefield avenue, had previously dedicated part of it to public use, and therefore she is not entitled to damages for that part. It is asserted on behalf of the appellant that in 1856 or 1857 Mrs. Schenley plotted a tract of land, then in Pitt township, one street of which as projected ran parallel with and covered part of Bellefield avenue, and that she conveyed lots according to this plot. But viewers who "viewed the premises and heard all the parties interested and their witnesses and the arguments of counsel," found there was no dedication of any part of the land by Mrs. Schenley and so reported; and the court below after hearing the matter on exceptions filed confirmed the report absolutely. We are not disposed to disturb this action of the court.

By their report the viewers find that Bellefield avenue was located by councils of the city of Pittsburg, by plan approved August 20, 1869; that it was directed to be opened from Centre avenue to Forbes street, of a width of sixty feet, November 30, 1891; that the grade, as fixed, was approved June 14, 1894; that the avenue takes about three and one half acres of Mrs. Schenley's land, along the east line of her tract, which comprises all taken (except a strip about five feet in width at Forbes street and extending northwardly and narrowing to a point, for which the owner asks no damages); they valued the land taken from Mrs. Schenley at $68,880, which sum included interest from November 30, 1891, and assessed her damages at $50,000 and apportioned it ratably among all the lot owners on either side, including Mrs. Schenley.

The viewers further found that the lines of the street which the appellant contends was dedicated to the public by Mrs. Schenley were not identical with those of Bellefield avenue; that the street was to be fifty feet in width, and was projected

along the easterly boundary of Mrs. Schenley's tract, and one half of it located on and along the adjoining land; that this street was never opened or used, and was not dedicated to the public. It also appears from the report, plot and deed, that the land conveyed to Browne in 1857 (by which conveyance it is sought to establish a dedication), was not located on or near the line of this unopened street or Bellefield avenue, although embraced in the plotted tract; and while a plot was referred to in the deed, the streets and avenue therein mentioned were laid out on the city district plan in 1840, under legislative authority, many years before the Schenley plot was made.

In 1881, after Bellefield avenue was located by the city authorities, Mrs. Schenley conveyed a lot of ground at the corner of "Fifth avenue and Bellefield avenue" to Jacob Vandergrift, and in 1891 she conveyed a tract of eighteen acres to the city of Pittsburg, in the deed of which Bellefield avenue is mentioned. The Vandergrift lot is the only one conveyed by her along and calling for Bellefield avenue as a boundary. The appellant's lot is on the easterly side of Bellefield avenue, and was not purchased from Mrs. Schenley nor embraced in her plot.

Under these circumstances it is clear there was no such dedication of the land covered by Bellefield avenue as will estop Mrs. Schenley from asserting her claim for damages. Evidently the intention to establish a street along the boundary line of her land was conditional upon the consent and co-operation of the adjoining owners, and it is not pretended that such consent was given, or anything done to further the project. At most there was but an offer by Mrs. Schenley to unite with the adjoining owners in the dedication of sufficient land for a street, with no further action by either party on the offer. In no aspect can it be said that a clearly manifested intention to dedicate is shown, and this the law requires before an owner can be deprived of his property: Griffin's App., 109 Pa. 150; Com. v. Railroad Company, 135 Pa. 273.

The question here is not between grantor and grantee, and the line of cases regulating the rights of grantees under deeds expressly referring to plots or plotted streets has no application.

The exact question arising in the case is: Does the fact that Mrs. Schenley recognized the existence of Bellefield avenue

and referred to it as a boundary in grants by her of land abutting on it, and contiguous to it, after it was located by the municipality, and before it was opened, operate to prevent her from claiming damages for the loss of the land upon which that avenue is located? Clearly not. The locating and opening were not her acts; they were the acts of the city authorities, which she could not have prevented had she so desired. The location by the city was in no sense a dedication by her (Forbes Street, 70 Pa. 125); and under the authorities on this question she is undoubtedly entitled to assert her claim and recover damages for the taking, as well as for any other loss she may have incurred through the opening of the street: Forbes Street, supra; Easton Borough, 116 Pa. 1; Brooklyn Street, 118 Pa. 640.

The assignments of error are overruled and the decree is affirmed at the costs of the appellant.