## Felin v. Philadelphia, Appellant.

*Deeds—Description—Lines and monuments—Unplotted street—Dedication—Eminent domain.*

Upon a claim for damages consequent upon the opening of a street in a city referred by agreement to a referee, it appeared that in 1874 the owner of a large tract of land conveyed a portion of it to a predecessor in title of the plaintiff, the section in question being described in part as follows: "Beginning at a point......thence north 30 degrees 49 minutes west 160 feet to a point in the middle of a new street about to be laid out and dedicated to public use; thence south 11 degrees 21 minutes west 490 feet and 8 inches to a point." This mention of the street was the only reference thereto contained in the deed, but the parties to the suit agreed that the "new street......referred to in the deed......is the same street in location and width as Camac street, as now laid out in the city plan opened from Butler to Pike street, would be if extended northward on the same lines from Pike street." It further appeared that Pike street was fifty feet wide and ran through the plaintiff's land, the south line thereof intersecting the end of the opened portion of Camac street 235 feet south of the point designated in the deed of 1874 as "a point in the middle of a new street." The part of Camac street mentioned in the stipulation as laid out and opened "in the city plan" was placed upon the city plan in 1876 and opened in 1902, a deed purporting to dedicate the same having been executed in 1878; but no attempt had ever been made to dedicate or open Camac street over any part of the 235 feet north of Pike street, at the end of which was located the point designated in the deed of 1874. The opened portion of Camac street was 30 feet wide. Plaintiff claimed that a strip of land 248 feet long and

15 feet wide on the westerly side of this opened portion, 8 feet of which was fenced in and covered by valuable improvements, was embraced within his lot, for the taking of which he was entitled to damages. The distances mentioned in the description in the original deed of 1874 to plaintiff's predecessor, i. e., 160 feet, would not include the strip of 15 feet claimed by the plaintiff as land for the taking of which he was entitled to damages. *Held,* (1) that the mention of a point in the "new street" was to be taken as a monument which controlled the description in the original deed and carried the plaintiff's title to the middle of the land covered by the bed of the street; (2) that the words of the deed "to a point in the middle of a street about to be laid out and dedicated" were too indefinite to be construed as a present dedication or as the reservation of control for the purpose of future dedication of any part of the land including the grant, (3) that therefore, plaintiff was entitled to recover damages for the taking of the 15 feet wide strip in question.

Argued March 27, 1913. Appeal, No. 201, Jan. T., 1912, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1903, No. 1146, for plaintiff, in case of Charles F. Felin v. City of Philadelphia. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Claim for damages for opening of street. Agreement for issue and appeal from road jury referred by agreement to Roland R. Foulke, Esq., referee. Before FERGUSON, J.

The opinion of the Supreme Court states the case.

The referee found in favor of the plaintiff in the sum of $8,000. Exceptions to the report of the referee were dismissed by the court. Defendant appealed.

*Errors assigned* were in dismissing exceptions to the report of the referee in approving the report.

*Edwin O. Lewis,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellant.

*Ormond Rambo,* with him *Robert Mair* and *Wayne P. Rambo,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 22, 1913:

In 1874 the owner of a large tract of land conveyed a portion of it to a predecessor in title of the plaintiff, the section in question being described in part as follows: "Beginning at a point......thence north 30 degrees 49 minutes west 160 feet to a point in the middle of a new street about to be laid out and dedicated to. public use; thence south 11 degrees 21 minutes west 490 feet and 8 inches to a point;......" The mention of the street just quoted is the only reference thereto contained in the deed, but the parties to the suit agreed by a written stipulation filed at trial that the "new street......referred to in the deed......is the same street in location and width as Camac street, as now laid out in the city plan opened from Butler to Pike street, would be if extended northward on the same lines from Pike street......" Pike street is fifty feet wide and runs through the plaintiff's land, the south line thereof intersecting the end of the opened portion of Camac street 235 feet south of the point designated in the deed of 1874 as "a point in the middle of a new street." The part of Camac street mentioned in the stipulation as laid out and opened "in the city plan" was placed upon the city plan in 1876 and opened in 1902, a deed purporting to dedicate the same having been executed in 1878; but no attempt had ever been made to dedicate or open Camac street over any part of the 235 feet north of Pike street, at the end of which is located the point designated in the deed of 1874. The opened portion of Camac street is 30 feet wide, and the plaintiff claims that in opening this part of the street a strip of land 248 feet long and 15 feet wide was taken from the westerly side of his lot, eight feet of which was fenced in and covered by valuable improvements, and that this

was never in any manner dedicated to the public or surrendered by him for street purposes.

The plaintiff's assertion of ownership is founded upon the description in the deed of 1874. While the first distance mentioned therein, i. e., 160 feet, would not include the strip of 15 feet claimed by the plaintiff as originally forming part of his lot, yet since the course was run to "a point," the plaintiff invokes the rule of law that, "where there is a conflict between monuments, whether natural or artificial, and the courses and distances named in a deed, the former must control" (Higgins v. Sharon Boro., 5 Pa. Superior Ct. 92, 99), and contends that the conveyance of 1874 gave him title to the fifteen feet in question. On the other hand, the defendant claims that the conveyance was only intended to cover a lot 160 feet in depth, and that the reference in the description to a point in the middle of a street "about to be laid out and dedicated" was simply to indicate the easement rights which the parties to the deed would take in the land covered by the suggested street, if in any manner opened; it further contends that if this be not the correct view, and the mention of the point in the "new street" must be taken as a monument which controls the description and carries the plaintiff's title to the middle of the land covered by the bed of the street, then the grantor gave notice by the words of the description that he intended to dedicate that particular land, and the plaintiff's predecessor accepted the conveyance upon those terms, and since the grantor in the deed of 1874 did in 1878 by a deed to the City of Philadelphia grant and dedicate a strip of land 30 feet wide covering the present opened portion of Camac street, the eastern half of which embraces the fifteen feet strip in controversy, the plaintiff has no right now to recover damages for any part of the property appropriated.

The deed of dedication was not recorded until 1892, and ten years thereafter the city passed an ordinance authorizing "the opening of the unopened portion of

Camac street from Butler to Pike street," subsequent to which the land was actually taken. As to this deed, the plaintiff contends that, while the grantor had the right to convey the western fifteen feet of the piece of ground therein described, he had no title to, and hence, no power to dedicate the adjoining fifteen feet which embraced the strip in controversy; the defendant's position being that we must either consider the grantor in the deed of 1874 as having retained title to the land now claimed by the plaintiff or as having granted this strip reserving the right to dedicate it to the city, and that, under either view, the subsequent deed of dedication bound all the land it purported to convey.

The case was tried by a referee whose findings and conclusions were adopted by the court below. The referee found, inter alia, that under the original grant the plaintiff and his predecessors in title had taken and retained possession of all the property described therein, including the ground in controversy; that "in none of the descriptions of this lot in any of the subsequent deeds is there any reference to the said new street or to Camac street"; that "the point designated (in the deed of 1874) as the middle of a new street about to be laid out and dedicated......is situate on the line which would be the middle of Camac street if Camac street were extended north of Pike street"; and he concluded that "there is nothing in the facts of the case to show such a dedication of Camac street by any previous holder of the title as will preclude Charles F. Felin (the plaintiff) from recovering from the City of Philadelphia damages for the taking of the said strip of ground." An award of $8,000 was made, and the defendant has appealed from the judgment entered upon the confirmation of this award.

No authorities have been cited and we have not been able to find any case presenting facts analogous to those at bar, nor have we found any decision which on principle rules the question before us; hence, we must treat

the case largely as one of first impression. The plaintiff does not base his claim upon the theory that his predecessor in 1874 took to the line of a plotted street, and, therefore, had title to the middle of the highway; on the contrary, he claims that the reference to the so-called street was simply used to designate an artificial monument so as to fix a definite point for the lines of his lot. Counsel for appellant has argued ably against this position, but on the whole we feel that the court below was right in determining that the description in the original deed carried the plaintiff's title to a point fixed as a monument; and no matter what effect the mention of the street may have had in the creation of easements between the parties to the conveyance (Brooklyn Street, 118 Pa. 640, 647; Hogan v. Burneson, 44 Pa. Superior Ct. 409), since the course run from this monument included the land in controversy, the only remaining questions are, was the reference to the new street tantamount to a dedication of this land binding upon the grantee and his successors in title, including the plaintiff; next, if not, did it leave in the grantor the right to make the subsequent deed of dedication so as to bind the grantee and its successors in title, including the plaintiff.

The law requires "a clearly manifest intention to dedicate before an owner can be deprived of his property": Griffin's App., 109 Pa. 150, 155; Bellefield Ave., 2 Pa. Superior Ct. 148, 150. "A dedication to the public must rest upon the intention or clear assent of the owner, and must be under such circumstances as to indicate an abandonment to the use of the community": Scott v. Donora Southern R. R. Co., 222 Pa. 634, 643. Under the circumstances of this case, we conclude that the words of the deed, "to a point in the middle of a new street about to be laid out and dedicated," are too indefinite to be construed as a present dedication or as a reservation of control for the purpose of future dedication of any part of the land included in the grant. In

other words, when we consider that the suggested street was not essential to the plaintiff's property, that at the time of the conveyance of 1874 Camac street was not plotted on any plan of lots, that in this conveyance the reference to the new street neither designated its width nor the direction in which it was to run, that Camac street at the point where the monument of description was fixed and for 235 feet south of that point, was not then and has not since been placed upon the city plan, opened by the municipality, or in any other manner recognized as a street either by the city or by the abutting or adjoining owners, and that the only point at which any part of Camac street has been dedicated or opened is 235 feet distant from the designated point "in the middle of a new street" mentioned in the deed of 1874, we are not convinced that error was committed in not finding "a clearly manifest intention" to abandon the land to the use of the community and in determining that the reference to the street in the original deed did not amount to a dedication or a reservation, or in holding that the subsequent deed of dedication did not bind the plaintiff's predecessors in title and cannot now be used to defeat his right of recovery.

Only two points are comprehended in the statement of the questions involved: (a) "Whether from the deed and surrounding facts and circumstances there was a dedication of a street so as to estop the grantee's successor in title from claiming damages for the opening of same." (b) "Whether the referee erred in admitting in evidence against objection and considering in his findings as negativing dedication a letter written to the plaintiff by the then chief of the highway bureau of the defendant city"; and we will not pass upon questions presented in the argument which are not relevant to these points (Willock v. Beaver Valley R. R. Co., 229 Pa. 526; Smith v. Lehigh Valley R. R. Co., 232 Pa. 456; Lincoln v. Wakefield, 237 Pa. 97). The letter referred to is not formally spread upon the record in any assign-

ment of error; hence, we are not really called upon to adjudge anything as to it. We find, however, from the notes of testimony, that in this letter the highway chief states that the street had never been legally opened, and, from other parts of the record, it appears that the referee considered this in connection with the words of the opening ordinance of 1902, which speaks of "the unopened portion of Camac street," in determining that the city itself thereby "took the position that the deed of dedication did not operate as to this strip of ground." Although it may be that, strictly speaking, the referee should not have given any weight to this letter, and that he gave undue weight to the words of the opening ordinance, still, under all the facts, since his ultimate conclusion on the whole case was correct, this does not constitute reversible error.

There is but one other matter to which we will make reference: Some of the witnesses for the plaintiff in estimating the damages seem to have considered a strip of land fifteen feet wide; but it is not probable that any real harm was done thereby, for the referee's award was considerably below the estimate of these witnesses, and in fixing the damages he only considered the eight feet of this strip which had always been in the possession of the plaintiff and his predecessors in title and upon which valuable improvements had been erected, treating the remaining seven feet outside of the plaintiff's fence line as though the title thereto had been lost to the latter by its continued use as a street.

The assignments of error are overruled and the judgment is affirmed at the cost of the appellant.