# Vulcanite Paving Company v. City of Philadelphia, Appellant.

*Appeals—Reversal of judgment for defendant n. o. v.—Entry of judgment on verdict—Subsequent appeal.*

Where upon the entry of judgment for defendant n. o. v. in the lower court, an appeal is taken to the Supreme Court, and the judgment reversed after consideration of the whole case, with directions to the lower court to enter judgment on the verdict, and an appeal is taken from the judgment so entered, alleging errors in the trial, but giving rise to no debatable question not considered on the first appeal the judgment will be affirmed.

Argued Jan. 6, 1914. Appeal, No. 145, Jan. T., 1913, by defendant, from judgment of C. P. No. 4, Philadelphia Co., Dec. T., 1911, No. 409, on verdict for plaintiff in case of Vulcanite Paving Company v. City of Philadelphia. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit by a contractor to recover the amount of certain uncollectible assessment bills received under a paving contract with defendant city. Before AUDENRIED, J.

The facts appear in the opinion of the Supreme Court and in Vulcanite Paving Co. v. Philadelphia, 239 Pa. 524. At the trial a verdict was rendered for plaintiff for $2,242.53. Subsequently the court entered judgment for defendant n. o. v., which judgment on appeal to the Supreme Court was reversed with a direction to the court below to enter judgment on the verdict. From the judgment so entered defendant appealed.

*Errors assigned* were in the admission of certain evidence and in refusing to enter judgment for defendant.

· *Paul Reilly,* Assistant City Solicitor, with him *Thomas Boylan,* Assistant City Solicitor, and *Michael J. Ryan,* City Solicitor, for appellant.

*Walter Biddle Saul,* with him *E. O. Michener,* for appellee.

PER CURIAM, February 9, 1914:

The plaintiff obtained a verdict in an action upon a contract for street paving.  It was provided by the contract that payment for the work should be made by the delivery of assessment bills against the adjoining properties except where paving was done at the intersection of cross streets and in front of unassessable property for which the defendant was to pay in warrants.  Judgment was entered for the defendant in the Common Pleas non obstante veredicto.  That judgment was reversed by this court and it was directed that judgment should be entered for the plaintiff on the verdict.  See Vulcanite Paving Co. v. Philadelphia, 239 Pa. 524.

This appeal was taken by the defendant after the entry of judgment in the Common Pleas.  The assignments relate to the admission in evidence of the contract; to the submission to the jury on insufficient evidence of the question whether assessment bills delivered to the plaintiff were against property not liable to assessment; to the refusal to direct a verdict for the defendant and to the entry of judgment for the plaintiff in pursuance of the direction of this court.  They give rise to no debatable question that was not considered and decided on the first appeal.

The judgment is affirmed.