# Vulcanite Paving Company *v.* Philadelphia, Appellant (No. 2).

*Municipalities—Contracts — Amendments — Supplemental contracts—Legality.*

A city of the first class advertised for bids for paving a certain street between two designated points at a unit price per square yard. A bid which was accepted contained no computation of the total value of the work or of the amount to be paid by the city. The contract provided that the total amount of the work to be done thereunder should not exceed $21,000, and that the total amount of cash to be paid by the city as its proportion of the cost should not exceed $2,600. Subsequently it was ascertained that the real value of the work to be done at the bid unit price amounted to $22,885.52, and the city's share to be paid in cash amounted to $4,485.52. A stipulation was then endorsed on the original agreement providing that the contract as first drawn should be amended so as to show the proper figures. In an action by the paving company against the municipality to recover for paving done under the contract, defendant contended that the agreement endorsed on the original contract was an illegal, supplemental agreement, that as plaintiff's right to recover was based upon the supplemental agreement, binding instructions should be given for defendant. The trial judge submitted the case to the jury which found a verdict for plaintiff, upon which judgment was entered. *Held,* no error.

Smith v. Philadelphia, 227 Pa. 423, and Lewis v. Philadelphia, 235 Pa. 260, explained and distinguished.

Argued Jan. 17, 1916. Appeal, No. 303, Jan. T., 1915, by defendant, from judgment of C. P. No. 3, Philadelphia Co., March T., 1913, No. 3804, on verdict for plaintiff, in case of Vulcanite Paving Company v. City of Philadelphia. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit for paving. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,840, and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence, instructions to the jury, answers to points and the refusal of the court to enter judgment for defendant n. o. v.

*Paul Reilly,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellant.—The plaintiff's right to recover depends upon a supplemental contract which is illegal: Smith v. City of Philadelphia, 227 Pa. 423; Lewis v. Philadelphia, 235 Pa. 260.

*Walter Biddle Saul,* with him *E. O. Michener,* for appellee, cited: Addyston Pipe & Steel Co. v. City of Corry, 197 Pa. 41.

OPINION BY MR. JUSTICE MOSCHZISKER, March 13, 1916:

The plaintiff company entered into an agreement with the City of Philadelphia to do certain paving. The contract required the city to pay cash for work in front of all "unassessable" property, and to give assessment bills against the premises for work done in front of assessable property. This form of contract has been construed by us to mean that the city must pay the contractor the amount of all assessment bills handed to him whenever it develops that the paving covered by such bills abuts on unassessable property, even though the

bills apparently had been accepted as payment. See Vulcanite Paving Co. v. Philadelphia (No. 1), 252 Pa. 600.

At the trial of the present case the plaintiff proved the contracts sued upon, the fact that the stipulated work had been completed thereunder, that certain assessment bills were delivered to it by the city in part payment therefor, and, finally, that these bills were of no value, for the assessments were against properties which, in law, were unassessable; on this proof, the plaintiff secured a verdict for the amount of the assessment bills in question, upon which judgment was entered. The city contends, however, that the judgment cannot stand because the plaintiff's right of recovery depends upon an illegal "supplemental" agreement. If this so-called supplemental agreement is void, then, under the circumstances of the present case, the judgment would have to be reversed; therefore, it becomes important to examine and determine the question of its legality.

It appears that the city advertised for bids to pave with asphalt a certain street between two designated points at a unit price per square yard. The plaintiff submitted a bid, which was accepted. The specifications annexed to the plaintiff's proposal provided in great detail the exact method for the construction of the pavement; but nowhere therein, or in the proposal or contract, was any computation made either of the total value of the work in the contemplated improvement, or of the part to be directly paid for in cash by the city. The particular portion of the street to be paved was specified, however, so that, after the unit price was determined, these amounts became a matter of mere mathematical computation.

The contract which raises the difficulty contains a clause to the effect that the total amount of work to be done thereunder shall not exceed $21,000, and that the total amount of cash which the city is to pay as its proportion of the cost shall not exceed $2,600; whereas, in

fact, the real value of the work to be done at the bid unit price amounted to $22,885.52, not $21,000, and the city's share to be paid in cash, instead of being $2,600, was, at the unit price, $4,485.52. In order to rectify these figures, so as to make the contract accord with a correct computation, based on the amount of work to be done and the unit price per square yard bid, there was drawn and endorsed on the original agreement another writing, which provides that the contract as first stated shall be "amended" and the total sums named therein increased to the amounts already given, it being particularly stipulated, however, that, aside from the increase in the two sums mentioned, the original contract was not modified in any other respect; neither the amount, the kind, nor the method of prosecuting the work was changed, and when the amendment was executed there were ample appropriated funds available to meet the increase in the figures.

The present case differs materially from Smith v. Philadelphia, 227 Pa. 423, and Lewis v. Philadelphia, 235 Pa. 260, cited by the appellants, for here, had proper calculations been made in the first instance by the city officials who drew the contract, it was perfectly possible for them to have arrived at the correct amount to be paid the contractor and the proportion thereof directly chargeable against the municipality. Furthermore, the facts proved show, beyond question, that it was never in the contemplation of any one, bidders or city, that the successful bidder was not to do the paving in its entirety under the original contract, or that he was not to be paid —by assessment bills or city warrants—the unit price bid for each and every square yard paved by him thereunder; and, in addition, there is no allegation of fraud or deception here involved, whereas, in one of the two cases relied upon by the appellant the element of actual fraud was present; in neither of them was it possible to figure the exact amount of work in the improvement, and in each of them we found, in effect, that it was never

contemplated or intended that all the work necessary to complete the improvement should be done under the original contract. On principle, Addyston Pipe & Steel Co. v. City of Corry, 197 Pa. 41, cited by the plaintiff, is more nearly applicable here.

While the assignments of error suggest several other questions for our consideration, yet the point which we have discussed, concerning the legality of the so-called supplemental contract, was the only one pressed by counsel for the appellant. As already indicated, we are of opinion that the contract complained of amounts to nothing more or less than a proper amendment to the original one, the purpose of which was to make the latter conform to the real agreement between the parties, and in this, under the peculiar circumstances of the present case, we see no illegality; but we wish it understood that our present conclusion is not intended in any respect to lessen the force or effect of the decisions of this court in the Smith or Lewis cases, supra.

The assignments of error which go to the question discussed in this opinion are overruled; all others are dismissed and the judgment is affirmed.