## Chiles, to use of Cyphers, v. City of Easton.

*Municipal liens—Paving liens—Invalid ordinance—Property exempt by law.*

Where a contractor who has accepted an assignment of a municipal lien, filed for work done under a contract with the municipality, is unable to recover in a suit against the property owner, because the municipality passed an invalid ordinance directing the paving, and he thereupon brings suit against the municipality, and the municipality defends on the ground that it is only liable under the contract to pay for "property exempt by law," the neglect of the city with respect to the ordinance brings the property into the same class as "property exempt by law," and the city is liable.

Demurrer. C. P. Northampton Co., July T., 1922, No. 10.

*George R. Booth,* for plaintiff.

*Newton R. Turner,* City Solicitor, for defendant.

STEWART, P. J.—Suit was brought to recover from the City of Easton the cost of paving a street in front of a certain property at the corner of Spring Garden and Fourth Streets, belonging to Kate S. Green. It appeared from the admitted facts that the City of Easton enacted an ordinance for the paving of that street and let the work to the legal plaintiff. An agreement under seal was entered into on Aug. 30, 1913, between the parties, where it was stipulated that all the terms of the aforesaid ordinance were to be made part of the agreement. The contract provided that the City of Easton was to pay for the paving of street intersections, as well as "for any public property exempt by law that abounds or abuts on said streets, as is set forth in section six (6) of Ordinance No. 407, File of Select Council," &c. That expression is manifestly incorrect. Section 6 provides as follows: "That the cost of paving all street intersections and the proportionate share of any public or other property exempt by law that abounds or abuts on said Ferry, Front, Spring Garden, Lehigh, Bushkill and Fourth Streets, between the lines above mentioned, shall be paid for by the City of Easton." The balance of the cost of the street paving was to be paid for by assessments on the property holders, and the contractor was to accept the assessments in full payment of the amounts due him, and if the assessments were not paid, liens were to be filed to secure their payment. A lien was filed against the property of Kate S. Green, and upon proceedings had, it was determined by this court that the plaintiff could not recover in that proceeding because the City of Easton, by its councils, had failed to pass a valid ordinance, and that failure caused the property of Kate S. Green to be exempt from the payment of the lien or assessment for the expenses of paving in front of her property. The plaintiff claimed that this neglect of council brings the property under section 6, above, as being "property exempt by law." If this were a new question, it might be profitable to discuss it, but the underlying principle was first discussed in the opinion of President Judge Bell in Gable *v.* Altoona, 200 Pa. 15, and it was also discussed in the later cases of Vulcanite Paving Co. *v.* Philadelphia, 239 Pa. 524, and Vulcanite Paving Co. *v.* Philadelphia, 252 Pa. 600. The contracts and the ordinances are referred to in the opinions of the Supreme Court in those cases, and they are exactly like the contract and ordinance in the present case. In the first of the Vulcanite cases the contractor was allowed to recover from the city the cost of paving in front of a railroad which was held to be non-assessable property and exempt by law, and in the latter Vulcanite case the contractor was allowed to recover the cost of paving in front of properties which were unassessable by reason of

the fact that the street in front of them had been fully paved at a prior time. The principle underlying those cases is the same as here. The City of Easton, by its own mistake or neglect, exempted the Green property, and when they gave the contractor the assessments and liens they were worthless. Common honesty requires that the work should be paid for, and no construction should be placed upon the contract which would relieve the city in a case like the present unless it was expressly contracted for. The same conclusion was reached by Judge McKeen in Bushkill Quarry and Construction Co. *v.* City of Easton, 17 Northamp. Co. Repr. 74. As the contract in suit contains the covenants upon which suit is brought, the date when the work was completed is not material, and the contract being under seal, the six years' limitation does not apply. Plaintiff's claim is for $819.13, with interest from Jan. 15, 1914. The date of the completion of the work in this case is not given, but taking the date of the filing of the lien, no doubt the above date is correct.

And now, July 7, 1924, the prothonotary is directed to enter judgment in favor of the plaintiff and against the defendant for the sum of $1334.21.

From Henry D. Maxwell, Easton, Pa.