FAUERBACH and wife, Respondents, vs. DANE COUNTY, Appellant.

*September 12—October 10, 1939.*

For the appellant there was a brief by *Norris E. Maloney,* district attorney, and *Walter M. Bjork,* assistant district attorney, and oral argument by *Mr. Bjork.*

For the respondents there was a brief by *C. F. Lamb,* attorney, and *Wilkie, Toebaas, Hart, Kraege & Jackman* of counsel, all of Madison, and oral argument by *Mr. Lamb* and *Mr. F. Halsey Kraege.*

FAIRCHILD, J.    The respondents allege that by reason of certain stipulations in conveyances by Bryngelsen to Bischoff and by deeds to Philip Fauerbach they are entitled to lands the title to which is in controversy.   The supposed defect in respondents' title pointed out by appellant rests on an uncertainty arising out of the circumstance that in deeding the lake-shore lots adjacent to the premises now claimed by respondents, there was inserted in the deeds the provision that in case a road was laid out on the northeast of said premises

then the land conveyed is to extend back from the shore line on the side lines projected or extended to such road. The land referred to in that provision, being the shore lots and concededly conveyed by the deeds, was described; and the bounds from which the projected side lines were to run back to the road when laid out were fixed, thus leaving only the laying out of the road to complete and make definite the boundaries of the land now involved. So the issue presented relates to respondents' rights as owners and their compensable interest in land within the boundaries as now completed by the building of the highway. It is conceded that a highway was subsequently laid out on the northeast of said premises.

It is considered that the pleading challenged presents a situation surrounding the parties at the time of execution of the deeds which discloses with reasonable certainty the meaning intended by the parties. The complaint shows the instruments were recorded; that everyone interested had notice thereof; and in its present form the pleading sets forth the terms of a contract not too indefinite for specific enforcement.

The trial court in passing upon the demurrer referred to the fact that in the complaint the pertinent parts of the deeds fixing the highway as a boundary constitute contracts to convey upon the happening of a contingency which has now become a fact and ruled that respondents have stated a cause of action for specific performance. This ruling is consistent with the rights of the parties as pleaded. *Proprietors of the Kennebec Purchase v. Tiffany,* 1 Me. 219; *Lerned v. Morrill,* 2 N. H. 197; Restatement, Contracts, p. 675, § 370; *Whitmore v. Hay,* 85 Wis. 240, 55 N. W. 708; 2 Tiffany, Real Property, p. 1652, § 444; *Felin v. Philadelphia,* 241 Pa. 164, 88 Atl. 421; *Manchester v. Hodge,* 74 N. H. 468, 69 Atl. 527; *Makepeace v. Bancroft,* 12 Mass. *469; and sec. 230.26, Stats.

*By the Court.*—Order affirmed. Cause remanded for further proceedings. •