Fauerbach and wife, Respondents, vs. Dane County, Appellant.

*May 19—June 12, 1941.*

For the appellant there was a brief by *Norris E. Maloney,* district attorney, and *Walter M. Bjork,* assistant district attorney, and oral argument by *Mr. Bjork.*

For the respondents there was a brief by *C. F. Lamb,* attorney, and *Wilkie, Toebaas, Hart, Kraege & Jackman* of counsel, all of Madison, and oral argument by *Mr. F. Halsey Kraege* and *Mr. Lamb.*

FAIRCHILD, J.   The question of Fauerbachs' title to the land is raised in a condemnation proceeding begun by Dane county to acquire real estate for park purposes.   The controlling facts were before this court in *Fauerbach v. Dane County,* 232 Wis. 437, 287 N. W. 754.   On that appeal it was held that the respondents had alleged a cause of action against their grantor and his heirs for specific performance of the contract to convey the lands involved.   The evidence adduced upon the trial of the present action supports the allegations of the complaint reviewed on the former appeal and entitles the respondents to a verdict in their favor.   *Reed v. Madison,* 85 Wis. 667, 672, 56 N. W. 182; *McCord v. Hill,* 117 Wis. 306, 308, 94 N. W. 65; *State v. Wisconsin Central R. Co.* 133 Wis. 478, 480, 113 N. W. 952.   Had the decision on that appeal not settled the law of the case, the court, under the testimony presented on the trial of the issues framed by the respondents' complaint and the appellant's answer, would have been required to grant the judgment it did enter in respondents' favor.   The facts presented by the record are not different from those presented by the complaint and considered when appellant questioned the sufficiency of that

pleading. The suggestion of appellant that the grantor of respondents had in mind a highway which would be constructed on a line considerably closer to the lake shore than where Highway No. 51 is laid out is without influence on this appeal. The fact is that respondents' grantor gave to respondents the right to extend the boundaries of their lots to a public highway to be laid out at some future time. There is no occasion for a conclusion that there was any present and existing highway to act as the northeast boundary, nor is there any evidence to warrant a finding that anything was expected except a highway over some of the grantor's land to the northeast of the lake lots conveyed to respondents. Highway No. 51 eventually came into existence and completed the northeast boundary so as to require the conveyance to respondents of the lands in dispute.

The deeds with stipulations and covenants set forth were parts of the public record, and thus notice of the condition of the title and of the claims thereto by the respondents was brought to the attention of the interested parties.

With respect to the motion to vacate, the evidence warranted the judgment granted November 22, 1938, decreeing specific performance and establishes the cause of action set forth in the complaint. Appellant complains that its motion to vacate the judgment of November 22, 1938, was improperly denied. We are of the opinion that this contention is without merit. The motion to vacate that judgment was not made until November 1, 1940. Furthermore, sec. 269.46 (1), Stats., requires a showing of mistake, inadvertence, surprise, or excusable neglect on behalf of one who moves for relief from a judgment. Appellant has not met the requisites of that statute.

Title to the land which the county was seeking to acquire for park purposes was involved in the specific-performance proceeding. Dane county knew this, yet made no effort to represent its interests and allowed the judgment establishing

title in the respondents to be entered. No appearance was made by Dane county at the time the motion for judgment was argued, because the county then considered "it was of no concern to the county." The original complaint shows that the county was advised of respondents' claim of title to the four and one-half acres. The documents supporting that title were presented, and the respondents asked that the title to the land in question be adjudged in them and that they recover from Dane county their damages by reason of the taking of the land for park purposes.

When the heirs of Bryngelsen were brought in as parties defendant the appellant had notice, and later it had notice of the application of respondents for a judgment of specific performance of the contract against the Bryngelsen heirs. Although no formal notice of the entry of the judgment providing for specific performance of the contract against the Bryngelsen heirs was served upon the district attorney, the trial court in its decision on appellant's demurrer three days after the decree for specific performance said: "Plaintiff has caused default judgment to be entered for specific performance against the contracting parties. The contingency upon which conveyance depended, happened. Therefore, as we see it now, the indefinite description was made certain and title is now vested in the plaintiff. The defendant's demurrer to the amended complaint must, therefore, fall. Plaintiff is established as the present owner and the only question is the amount of compensation owing upon condemnation."

*By the Court.*—Judgment and order affirmed.