RICHTER *against* CHAMBERLIN and others.

*Sunbury,*
*Monday,*
*June 7.*

In an action of trespass *quare clausum fregit* &c. referred to arbitration without declaration or plea, the arbitrators awarded as follows: "We "do award the "lands in dispute "in favour of the "defendant, and "the division as "it now stands to "be the esta- "blished line."

IN ERROR.

ERROR to the Common Pleas of *Northumberland.*

*Richter* brought an action of trespass against the defendants, for breaking his close, pulling down and carrying away his fences, and treading down, spoiling and destroying his grass, with a *continuando* as to treading down, &c. the grass from 1st *May* to 28th *May* 1812. On the same day on which the suit was instituted, and before either plea, declaration or statement filed, the plaintiff entered a rule of reference, and the arbitrators returned the following award:

*Held*, that the defendant could recover no land under the award, nor were the boundaries fixed by it, that not being a matter about which the parties were at variance *in the suit*, but merely a claim of damages. The award is good, however, as a general finding, that the plaintiff had no cause of action.

" We do award the lands in dispute in favour of the defend-
" ant, and the division as it now stands to be the established
" line."

The exceptions to the award, which were assigned for error
in this Court, were, 1. That it had not pursued the submis-
sion, nor taken any notice of the damages mentioned in the
original writ. 2. That it was obscure and void, and unap-
propriate to the cause of action, so that no valid judgment
could be rendered upon it, or carried into effect. 3. That it
was uncertain, as it was in favour of the defendant; and there
being three defendants, the arbitrators had not determined
to which defendant the plaintiff should deliver the land; and
further because it did not specify what land, or what fence
should be the line.

*Bradford*, for the plaintiff in error.

*Maus* and *Hall*, contra.

TILGHMAN C. J. The objections of the plaintiff in error
are, that this award was not made on the subject submitted,
that it is uncertain and absurd.

When an action is taken from the Court and carried be-
fore arbitrators under our act of assembly, it is not usual
to plead and join issue in a formal manner. If this cause
had been brought to issue, and tried by a jury, the issue
might have been joined on the title to the land in dispute;
and if that had been found for the defendant, judgment
would have been given in his favour. When the parties
went before the arbitrators, they probably contested the title,
though that cannot appear. I consider the award as amount-
ing to no more than that the plaintiff had no cause of action.
The defendant cannot recover any land by virtue of it, nor
are the boundaries between the lands of plaintiff and de-
fendant, to be considered as established; for that was not a
matter submitted to arbitration. The act of assembly au-
thorizes the arbitrators to decide *on all matters in variance
in the action*, and the writ shows that the matter in variance
was a claim of damages by the plaintiff for a trespass on his
land, and taking away his fences, &c. The law declares that
the award when filed in the office of the prothonotary, is to

1813.

RICHTER
v.
CHAMBER-
LIN et al.

be considered as a judgment, although no judgment is formally entered. This award would be sufficient foundation for the entry of a judgment, that the plaintiff take nothing by his writ, &c. and I consider it as having that operation, and no more. I am therefore of opinion, that the judgment be affirmed.

YEATES J. absent in consequence of sickness.

BRACKENRIDGE J. of the same opinion with the Chief Justice.

Judgment affirmed.