# Darby *versus* Sharon Hill.

1. A borough may be incorporated, by the Court of Quarter Sessions,
   which includes in its boundaries a part of the territory of an old
   borough; but this involves the change of the limits of the old borough,
   and this requires the same proceedings to be had, as are required in
   an original incorporation.   An application must therefore be made for
   that purpose, signed by a majority of the freeholders residing within the
   limits of the old borough, due notice must be given as provided by law,
   and the application must be approved by the grand jury and confirmed
   by the court.

2. The Supreme Court is strictly confined to the record in the hearing
   of a certiorari.   The opinion of the court and the depositions taken in
   the case are no part of the record.

February 9th, 1886.   Before MERCUR, C. J., GORDON,
PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

CERTIORARI to the Court of Quarter Sessions of the Peace,
of *Delaware county:*   Of January Term, 1886, No. 247.

This was a certiorari to bring the record and all the pro-
ceedings of said court in the matter of the incorporation of the
Borough of Sharon Hill before the Supreme Court.

The record showed that on September 21st, 1885, certain
citizens of the Borough of Darby and the Township of Darby,
in Delaware County, Pennsylvania, presented their petition to
the Court of Quarter Sessions of said county, setting out cer-
tain boundaries as a proposed new borough to be called the
" Borough of Sharon Hill," and praying the said court to cause
their application to be laid before the grand jury, and if a

majority of said grand jury should, after full investigation, certify to the said court that the provisions of the Act of Assembly had been complied with, and that it was expedient to, grant the prayer of the petitioners, that said court would confirm said judgment, and that upon compliance with the several Acts of Assembly, the said village of Sharon Hill should be deemed an incorporated borough by the style and title of the "Borough of Sharon Hill."

On the same day, the said court caused the said petition to be laid before the grand jury, then in session.

On September 24th, 1885, the grand jury returned the said petition to the said court, upon which was the following indorsement: "The grand jury approve of the within petition."

On October 5th, 1885, the petition of the Borough of Darby, by its Burgess and Council, was presented to the said court, praying to have that part of the Borough of Darby included within the limits of the proposed new Borough of Sharon Hill, excluded therefrom. This application was heard by the said court, and on December 7th, 1885, the court, in a written opinion, refused the application, and on December 24th, 1885, made a final decree incorporating the new borough, retaining within its limits some three hundred acres of the Borough of Darby.

The Borough of Darby thereupon took this certiorari, assigning for error, *inter alia*, the decree of the court incorporating the Borough of Sharon Hill, including within its limits a part of the incorporated Borough of Darby.

*John M. Broomall*, for plaintiff in error.—We complain that the court below changed the limits of the Borough of Darby without a proper petition for that purpose, and without following the directions of the Act of Assembly. In fact, no proceedings were ever instituted to change the limits of the Borough of Darby.

It is undoubtedly true, as the court below says, "that the court has the power at any time, by and with the concurrence of the grand jury, to change the limits of any borough," but the court certainly has no power to do this, except in the manner prescribed by the Acts of Assembly. Did the court below have before it a petition signed by two thirds of the taxable inhabitants of the Borough of Darby, praying to have the limits of the borough changed? Did the court below have the concurrence of the grand jury to change the limits and boundaries of the Borough of Darby? We submit that it did not. The most that can be claimed for the action of the grand jury in this matter, is their approval of the petition for the Borough of Sharon Hill. Certain it is they had no petition

[Darby *v.* Sharon Hill.]

before them asking the change, signed by the requisite number of taxables.    We respectfully submit, in the words of this court, " that where power is given to the Court of Quarter Sessions by the Legislature, it is not to be extended by implication, even where the lines of demarcation are so fine as to be almost invisible."    5 W. & S., 281.

The court below was not asked to change the limits of Darby Borough.    In fact it did not do it by any direct and intelligent act, but by a kind of side blow, incorporating the new borough by taking the territory of the Borough of Darby.

In this, it and its citizens conceive themselves aggrieved, and they invoke the power of this court to right the wrong.

The court below relies upon the Act of 1879, P. L. 150, as amended by the Act of 1883, P. L. 36, to justify its action in taking lands out of the Borough of Darby for the purpose of making a new borough.    The power to take lands out of a borough may be indirectly given by the 4th section of the Act of 1834, Purd. Digest, page 166, pl. 5, and the Act of 1871, on the same page, pl. 13 : the former of these requires the application in writing of two thirds of the taxable inhabitants of any borough to annul or alter a charter, and the latter requires that the petition shall be presented to the court, after public notice given for not less than thirty days.    The Act of 1871 does not certainly dispense with the petition of two thirds of the taxable inhabitants.    Then came the legislation referred to by the court below.    The second and third sections of the Act of 1879 contemplate the addition of outlying lots to the borough.    The first section authorizes the change of limits of any borough incorporated under the Act of 1851, with the concurrence of the grand jury.    This did not intend to dispense with a petition from the parties interested ; and as nothing is said about it, the number and character of the petitioners must have been left to previous legislation.

The Act of 1883 consists of a single section, which has a single purpose, and that is, to extend the provisions of the Act of 1879 to all boroughs, whether incorporated under the Act of 1851 or not.

Unless the Legislature intended to authorize the courts to change the limits of a borough, with the concurrence of the grand jury, *without* a petition or application from the parties in interest, which is very unlikely ; the law as it now stands requires the petition of two thirds of the parties in interest to give the court the power to change the limits of a borough. As has been already said, there was no petition of any kind from the parties in interest asking the change of the limits of the Borough of Darby.

*E. H. Hall,* for defendant in error.—The argument of the

[Darby v. Sharon Hill.]

appellant on this question must proceed, on the assumption that the court, in chartering the Borough of Sharon Hill, thereby annuls and alters the charter of the Borough of Darby, under the 4th section of the Act of 1834.

There was no pretense that the court was doing this, and it did nothing more than change the limits.

The Act of 1834 seems to contemplate two proceedings, one to change the limits, as provided in the third section, and the other to annul or alter the charter.

So that as far back as 1834 there appears to be a distinction between changing the limits and annulling or altering the charter.

It is true that the court was not asked to annul or alter the charter of the Borough of Darby, and the requisites of that Act were not complied with. It is a case where there could not possibly have been such a petition had. It would be like killing the goose that laid the golden egg. To suppose that two thirds of the taxables in Darby would sign a petition that would have cut off their revenue from Sharon Hill, is a very violent presumption.

The court, with the concurrence of the grand jury, has the power to change the limits of any incorporated borough in this Commonwealth: Act of Assembly of May 17th, 1883, P. L., 36.

This then gives to the Court all the power that may be required for the change of limits, if this can be so called a proceeding for that purpose.

This was a new proceeding to create a new municipality out of the territory of others.

There did not appear to be any prohibition in the Act as to where the territory should come from. There is no restriction in the Act that it should all come from one township or two or more, or that a tract of land which was within the lines of an old borough might not be included. The bulwark for the protection of the old municipalities is the grand jury and court.

Having once satisfied these tribunals that the case presented to them was one where separate government was proper, then the petitioners were entitled to the decree that was made.

With equal propriety could the Township of Darby complain that part of its territory was taken.

Mr. Justice CLARK delivered the opinion of the court, March 1st, 1886.

This certiorari brings before the court the record of the Quarter Sessions of Delaware county containing the proceedings in the incorporation of the Borough of Sharon Hill.

[Darby *v.* Sharon Hill.]

The original petition, which was filed on the 21st of September, 1885, sets forth, that the petitioners reside in the Borough of Darby, and paradoxical as the statement may appear, that they also are inhabitants of the unincorporated village of Sharon Hill; that they constitute a majority of the resident freeholders in the said Borough of Darby, within the limits of the village of Sharon Hill. The petition further discloses the fact, however, that the territory embraced within the designated boundaries of Sharon Hill is taken in part from the corporate limits of the Borough of Darby, which accounts for this apparent incongruity of statement. This petition was supplemented by another signed by inhabitants of the village of Sharon Hill, who say they are a majority of the resident freeholders, within the limits designated, in the township of Darby.

On the same day upon which the petitions were filed they were "approved" by the grand jury. Subsequently the burgess and town council of the Borough of Darby presented their petition, praying the court to exclude from the boundaries of the proposed new Borough of Sharon Hill such portion of the territory as was embraced within the corporate limits of the Borough of Darby; which petition, after argument, was dismissed, and on the 24th of December, 1885, the formal final decree was entered, incorporating the Borough of Sharon Hill, and embracing in it a part of the territory of the Borough of Darby.

Laying aside all technical objections to this record, the main question raised is whether or not, in the incorporation of a borough by the courts of Quarter Sessions, it is competent to embrace within the bounds territory covered by the charter of a borough already incorporated.

The Legislature, by authority of which all municipal corporations exist, without doubt, has full power in the premises, by the enactment of general laws to that end, and in these provisions may exercise the power mediately or immediately. A municipal corporation, as was said in Philadelphia *v.* Fox, 14 P. F. S., 169, "is merely an agency instituted by the sovereign for the purpose of carrying out in detail the objects of government—essentially a revocable agency—having no vested right to any of its powers or franchises, the charter or act of erection being in no sense a contract with the state—and therefore fully subject to the control of the Legislature, who may enlarge or diminish its territorial extent or its functions, may change or modify its internal arrangement, or destroy its very existence, with the mere breath of arbitrary discretion. *Sic volo, sic jubeo,* that is all the sovereign authority need say. This much is undeniable, and has not been denied."

[Darby v. Sharon Hill.]

The Legislature may, therefore, by appropriate general laws to that effect, preserving the vested rights of third parties, either enlarge or contract the boundaries of boroughs; may consolidate several such corporations into one, or divide one into several. But it is incompetent for the courts to dismember a borough, except as they may be authorized by law; the charter of a municipal corporation grants privileges and immunities which are perpetual, and their privileges and immunities are co-extensive with the corporate limits. Their responsibility, as public agents, exist mainly in the performance of acts for the public benefit, but they have also a distinctly legal personality; they may make contracts, purchase property, create debts, borrow money, and they have a right, to the extent of the limits fixed by their charter, to corporate existence; their rights and responsibilities are, in this regard, analogous to those of private corporations, subject only to the action of the law making power as we have stated. The courts of Quarter Sessions, in this respect, have just such powers as the legislature has given them, and we must, therefore, resort to the statutes relating to this subject to determine the question.

The incorporation of Sharon Hill, according to the limits designated, it must be admitted, necessarily involves an alteration or change in the limits of the Borough of Darby, and that change is not an enlargement, but a contraction of its lines.

The only provision which has been brought to our notice relating to a change of the limits of a borough, is the third section of the Act of April 1st, 1834, and this requires that the same proceedings shall be had as are required to be taken in the original incorporation. If it be objected that this section relates only to boroughs, incorporated under that act, we may answer, first, that if this section does not apply, we find no other that does apply; and second, the record does not show how, or when, the Borough of Darby was incorporated. The opinion of the court, and the depositions, are no part of the record and to the record, on the hearing of a certiorari, we are strictly confined.

If then the same proceedings must be had in the change of the limits of a borough as are required in an original incorporation, it follows that an application must be made for the purpose, signed by a majority of the freeholders residing within the limits of the borough; that due notice shall be given as directed by law; that it shall be approved by the grand jury and confirmed by the court. It is not pretended that any of these steps have been taken.

What the statute requires shall be done in an orderly,

specific and direct manner, cannot be accomplished in this oblique and indirect method of procedure. That the same territory may be under the local government and jurisdiction of two distinct bodies politic at the same time, is of course absurd. The corporate authority of the Borough of Darby certainly extends throughout its corporate limits, and until these limits have been legally changed, and that portion of her territory taken up by the proposed new charter has been excluded therefrom, it cannot form any part of Sharon Hill.

> The decree of the Court of Quarter Sessions is therefore reversed, and the proceedings are set aside.