## Spang *v.* Mattes, Executrix, Appellant.

*Real estate—Sheriff's sale — Purchasers — Possession — Act of April 20, 1905, P. L. 239—Arbitrators—Award—Entry—Effect—Appeals—Supersedeas.*

1. Where in proceedings under the Act of April 20, 1905, P. L. 239, to obtain possession of real estate purchased by the petitioner

at a sheriff's sale, defendant's answer does not controvert any of the facts averred in the petition, but alleges new matter as a defense, and the plaintiff orders the case for hearing on the pleadings, the court may properly determine the case thereupon without ordering a jury trial.

2. Under Section 24 of the Act of June 16, 1836, P. L. 715, an award of arbitrators returned to the prothonotary and entered on his docket has the effect of a judgment, and execution may issue thereupon although no formal judgment has been entered.

3. Under Section 15 of the Act of May 19, 1897, P. L. 67, providing in effect that appeals may be taken without security in any proceeding, but such appeals shall not operate as a supersedeas except when anyone suing or defending in a representative capacity is the appellant, an appeal by an executrix from an arbitrator's award in scire facias proceedings, without the entry of security will not act as a supersedeas, if it appear that the estate of which the appellant is executrix has no interest in the controversy, that in her individual capacity the appellant is the only person having any interest therein, and that she designated herself as executrix as a cloak to hide her interest, and for the purpose of delay.

*Practice, Supreme Court—Appeals—Paper books—Statement of questions involved—Arguments.*

4. The Supreme Court will not consider points not comprehended in or suggested by the statement of the questions involved.

Argued Feb. 22, 1916.    Appeal, No. 353, Jan. T., 1915, by Mary G. Mattes, and Mary G. Mattes, Executrix, from judgment of C. P. Lackawanna Co., Oct. T., 1915, No. 716, for plaintiff, in case of S. K. Spang v. Mary G. Mattes and Mary G. Mattes, Executrix of the Estate of Cornelia W. Mattes, Deceased.    Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.    Affirmed.

Petition under the Act of April 20, 1905, P. L. 239, to obtain possession of real estate purchased by plaintiff at a sheriff's sale.    Before NEWCOMB, J.

The opinion of the Supreme Court states the facts.

The court entered judgment for petitioner.    Defendant appealed.

*Error assigned* was the judgment of the court.

*Philip V. Mattes,* for appellant.—The answer was sufficient to prevent judgment: Rush v. Porter, et al., 23 Montg. County L. R. 148; Penna. R. R. v. Davenport, 154 Pa. 111.

No formal judgment was entered upon the award of the arbitrators and therefore no execution could properly issue thereon.

An appeal from an award of the arbitrators had the effect of a supersedeas; execution was issued in disregard of the supersedeas, and a sale thereunder was invalid: Commonwealth for use v. Conway & Wertz, 8 Pa. D. R. 319; Windsor v. Tillottson, 135 Pa. 208; Cox v. Henry, 36 Pa. 445; Bryan v. Comly, 2 Miles 271; Adams v. Hindman, 2 Miles 464; Shaw's Est., 9 Philadelphia 347; Martzinger v. Smith, 9 W. N. C. 274; Margo v. Penna. R. R. (No. 2), 213 Pa. 468.

*William Jenkins Wilcox,* with him *William A. Wilcox,* for appellee.—There was not such a supersedeas as would avoid the sale.

The entry of a formal judgment upon the award was not necessary: Reading Trust Co. v. Mattes, 250 Pa. 414.

OPINION BY MR. JUSTICE MOSCHZISKER, March 20, 1916:

This was a proceeding under the Act of April 20, 1905, P. L. 239, to gain possession of a certain piece of real estate which had been purchased at sheriff's sale by the plaintiff. It was determined that the plaintiff was the owner of the property in dispute, with a present right of possession, and judgment was entered accordingly; the defendant has appealed.

Numerous points are touched upon in the appellant's printed argument, but we shall consider only those comprehended in or suggested by the statement of the questions involved (Willock v. Beaver Val. R. R. Co., 229 Pa. 526, 530; Smith v. Lehigh Val. R. R. Co., 232 Pa. 456, 462; Lincoln v. Wakefield, 237 Pa. 97, 107; Felin

v. Philadelphia, 241 Pa. 164, 170; Bethlehem Steel Co. v. Topliss, 249 Pa. 417, 423; Pramuk's App., 250 Pa. 45, 51; Vulcanite Paving Co. v. Philadelphia (No. 1), 252 Pa. 600,) which are as follows: "1. Sufficiency of answer to petition in proceedings for possession by a sheriff's vendee under Act of April 20, 1905, P. L. 239? 2. Validity of a sheriff's sale based on an award of arbitrators, no judgment having ever been entered? 3. Validity of a sheriff's sale had, against defendant's protest, in disregard of a supersedeas, pending an appeal to the Supreme Court?"

The answer of the defendant was sufficient to meet the requirements of the act, and, since it did not controvert any of the facts averred in the petition, the plaintiff having ordered the case for hearing on the pleadings as they stood, there was no necessity for a jury trial. From the pleadings, the court below found the following facts, material to our present consideration: "1. Respondent and her sister, Cornelia W. Mattes, were the owners in fee of the premises in question as tenants in common. 2. Being so seized they joined in a mortgage to the Reading Trust Co., to secure payment of a loan. 3. Cornelia died testate having devised her share to respondent, who was appointed executrix of the will. 4. Afterwards, for default made, the mortgage was put in process of foreclosure by sci. fa.......in this court, as against the surviving mortgagor both in person and as executrix. 5. No defense was taken on the merits, and the cause went to judgment on an award of arbitrators filed April 6, 1914. 6. Defendant moved to strike off the award as irregular. 7. The motion was disposed of by order of May 4, 1914, discharging a rule to show cause. 8. October 29, 1914, there was an appeal by respondent in her representative capacity only, and therefore without security. 9. July 3, 1915, the order was affirmed by the Supreme Court: Reading Trust Co. v. Mattes, 250 Pa. 414. 10. In the meantime lev. fa. had been issued, on which the mortgaged premises were sold by the sheriff at the next

regular sales day, being January 8th, for the price of $42,000.00.    11. Petitioner was the purchaser; the purchase-money was paid and distributed, inter alia, the sum of $37,500.00 being applied to the satisfaction of the mortgage debt; and a deed duly acknowledged and delivered had been recorded before petitioner moved in this behalf.    12. All this was done without contest or objection on part of respondent other than mere notice to the sheriff on the day of sale that it would pass no title."

So far as concerns the point that no formal judgment was entered upon the award of the arbitrators, Section 24 of the Act of June 16, 1836, P. L. 715, provides: "Every award so entered shall have the effect of a judgment."    In construing an earlier arbitration act containing practically the same language as the Act of 1836, we said, "When the award of the arbitrators was returned to the prothonotary and entered on his docket it had the effect of a judgment" (Post v. Sweet, 8 S. & R. 391; see also Ebersoll v. Krug, 3 Binney 528, 529, and Richter v. Chamberlin, 6 Binney 34); in addition, the appellant is not in a position to question the fact of the judgment, since in Reading Trust Co. v. Mattes, supra, she appealed from the award in question, treating it as a final judgment, and we entered an order to this effect, "the judgment is affirmed."

The third point stated for our consideration, concerning the sheriff's sale alleged to have been held in disregard of a supersedeas, is the most serious one before us; but when the real facts in this case are kept in mind, it is apparent that no reversible error was committed in relation thereto.    The alleged supersedeas is claimed to have arisen when the defendant, Mary G. Mattes, Executrix, appealed from the award of the arbitrators in the suit on the mortgage.    Section 6 of the Act of May 19, 1897, P. L. 67, provides, "An appeal from an order, judgment or decree directing the payment of money shall operate as a supersedeas if the appellant gives bond ......"    In Smead v. Stuart, 194 Pa. 578, we decided

that a judgment on a sci. fa. sur mortgage was within this section, and, as already seen, the award in question was tantamount to such a judgment.    Section 15 of the same act provides, however, that "appeals may be taken from any......judgment......without security in any proceeding......, but in such cases the appeal shall not operate as a supersedeas, except when......any one suing or defending in a representative capacity is the appellant."    The contention is, that, since the appeal from the award of the arbitrators was entered by Mary G. Mattes, executrix, the last, and not the first, quoted section of the Act of 1897, supra, applies, and, thereunder, as soon as the appeal was taken, it had the effect of a supersedeas; further that the writ of execution, issued by the court below in the face of this supersedeas, was void, and, hence, the plaintiff, who purchased thereunder, has no title.

According to the view which we take of this case, it is not necessary to decide the last stated contention, for we are convinced that, under the real facts involved, the appeal did not have the effect of a supersedeas.    In the mortgage suit Mary G. Mattes was named individually and also as "executrix and devisee" under her sister's will, since both she and her sister were mortgagors. Judgment was taken against Mary G. Mattes individually, and also against her as executrix of the estate of her sister; but on her appeal she designated herself only in the latter capacity.    It appears, however, that, both at the time the sci. fa. issued and when the property was sold, Mary G. Mattes in her own right was the real and entire owner of the mortgaged premises, and that the estate of her deceased sister had no interest therein apart from the appellant's individual interest, which she was called upon to protect.    In other words, to quote the language of that eminent jurist, the late Judge PENROSE, in Revell's Est., 12 Pa. D. R. 138, 139, "It is clear that ......she was acting simply for herself and not in a representative capacity in any proper sense of that

term," when she took the appeal which she now depends upon as having had the effect of a supersedeas. At no stage of the long litigation of which the present appeal is the culmination, have we seen any effort toward a defense on the merits; on the contrary, each step taken by the defendant has been upon a technical ground and, apparently, for the purpose of delay. When the appeal from the award of the arbitrators was entered, the designation of the appellant as executrix was an evident cloak to hide the only person who had any real interest in the controversy, i. e., Mary G. Mattes herself, and, no doubt, for the purpose of gaining further delay. The learned court below, under the circumstances, committed no reversible error in its disposition of this case.

The assignment is overruled and the judgment is affirmed.