## Dixon v. Minouge.

*Appeals—Bond—Exceptions—Discretion of prothonotary—Approval of—Supersedeas—Act of May 19, 1897.*

1. The court will not reverse the action of the prothonotary in fixing the amount of the bond on appeal under the Act of May 19, 1897, P. L. 67, or in accepting the surety offered, where no abuse of discretion is shown.

2. The question whether the amount of the bond is sufficient to make the appeal a *supersedeas* cannot be raised on an exception to the bond.

Exceptions to bond on appeal. C. P. Schuylkill Co., Nov. T., 1921, No. 96.

*E. D. Smith*, for plaintiff; *M. A. Kilker*, for defendant.

BERGER, J., June 12, 1922.—The defendant has appealed to the Supreme Court from a judgment for $3182, obtained by the plaintiff against him in an action of *scire facias* upon a mortgage, and bail was entered in the sum of

2 D. & C.

Dixon v. Minogue.

$500 to perfect his appeal. The plaintiff has filed exceptions to the bond as follows:

"1. The amount of the bond is insufficient for the purpose of appeal.

"2. The surety, C. A. Whipple, is insufficient for the amount of the bond.

"3. It does not appear that C. A. Whipple, the surety, resides within the Commonwealth of Pennsylvania.

"4. The bond has not been approved by the prothonotary.

"5. The bond has not been approved by the court.

"6. The bond is insufficient in amount for the payment of the judgment appealed from and costs to make the appeal a *supersedeas*."

Section 5 of the Act of May 19, 1897, P. L. 67, regulating the practice on appeals, provides: "Bail upon any appeal shall be entered in the court from which the appeal is taken, shall be in the name of the Commonwealth, to the use of all parties interested, and shall be sued upon in like manner as official bonds. Except as herein otherwise provided and subject to revision by the court from which the appeal is taken, the prothonotary or clerk thereof shall fix the amount of bail and approve or reject the security offered. For all services in connection with any appeal he shall receive the sum of three dollars." It is undisputed that the prothonotary has approved the bond and that the surety, C. A. Whipple, is a resident of Schuylkill County and good for the amount of the bond. It has not been established that the prothonotary abused his discretion in fixing the amount of the bond or in accepting the surety offered. No necessity for a revision of the prothonotary's action existing, the first five of the above quoted exceptions fall.

It is true, as is stated in plaintiff's sixth exception, that the bond of appeal is insufficient to operate as a *supersedeas* (Spang v. Mattes, Executrix, 253 Pa. 101, 105), but that question cannot, in our opinion, be determined upon an exception to the bond; hence, all the exceptions must be dismissed.

Exceptions dismissed.    From M. M. Burke, Shenandoah, Pa.