## In re Celenza's Estate

*E. Spencer Miller*, for petitioner; *Abraham Friedman*, for respondent.

LAMBERTON, J., April 29, 1932.—Michael Celenza died April 30, 1929, leaving a will by which he appointed Grazia Ruccia executrix, to whom letters testamentary were duly granted. Grazia Ruccia, on May 26, 1930, filed her account in the Orphans' Court of Philadelphia, showing a small balance in her hands for distribution. On March 30, 1931, the auditing judge filed his adjudication, in which he surcharged the executrix in a sum in excess of $10,000. Exceptions were duly filed and dismissed and the account was confirmed absolutely on February 16, 1932 [Celenza's Estate, 16 D. & C. 473]. On March 4, 1932, a schedule of distribution was filed and approved by the orphans' court, whereby there was awarded to Concetta Celenza the sum of $6362.65, which includes the widow's exemption, together with interest thereon. On March 4, 1932, in accordance with section 51 (a) of the Act of June 7, 1917, P. L. 447, a certified transcript of the record of the orphans' court in the above matter was filed in the prothonotary's office as of the above term and number, and on March 12, 1932, damages were assessed thereon in the sum of $6362.65 on behalf of Concetta Celenza, and a fi. fa. real estate was issued returnable the first Monday of April, 1932. On March 5, 1932, Grazia Ruccia, the executrix, took an appeal to the Supreme Court, both in her individual capacity and as executrix, but filed no bond. On March 28, 1932, Grazia Ruccia filed a petition and a rule was granted thereon to show cause why execution should not be stayed pending the decision of the Supreme Court and why the extract from the record of the orphans' court should not be expunged from the record of this court. An answer was filed by Concetta Celenza, and the matter comes before us on petition and answer.

The question now to be decided is whether the appeals of Grazia Ruccia act as a supersedeas without the filing of any bond. The Act of May 19, 1897, P. L. 67, Sec. 15, as amended by the Act of April 22, 1929, P. L. 629, provides:

"Appeals may be taken from any sentence, order, judgment, or decree without security in any proceeding where by law the same is or may be allowed; but in such cases the appeal shall not operate as a supersedeas except when a county, township, or municipal corporation, or any one suing or defending in a representative capacity, is the appellant." It is, therefore, plain that if the appeals from the decree of the orphans' court were taken by Grazia Ruccia in her individual capacity, they do not act as a supersedeas, but if taken in her representative capacity, they do act as a supersedeas. Whether an appeal is in an individual or representative capacity does not depend upon any wording which may be used in taking the appeals, but depends upon the nature of the decree appealed from. If the interest of the estate is involved, the appeal is in a representative capacity. If only the pocketbook of the appellant is concerned, the appeal is in an individual capacity. In this case, the estate cannot benefit one penny by these appeals. The surcharge is against Grazia Ruccia individually, and she is the only person who stands to win or lose. This question is conclusively decided in the case of Spang v. Mattes, Executrix, 253 Pa. 101.

The petitioner also asks that the record of the orphans' court be expunged from the record of this court on the ground that it has been docketed under the name "Estate of Michael Celenza, deceased." Petitioner contends that there is no such entity as the Estate of Michael Celenza, deceased, and that the indexing should be under the name of the claimant, to wit, Concetta Celenza. We doubt if there is any merit in this contention, because Concetta Celenza is only one of the persons interested in the surcharge, and it is probably proper for all to come in under the one proceeding in this court. However, if mistake there be, it is merely technical and can readily be corrected by amendment. No possible harm has been or can be done to petitioner thereby.

And now, to wit, April 29, 1932, the rule to show cause why the writ of fi. fa. should not be set aside and execution stayed and why the extract should not be expunged from the record of this court is discharged.