## Braddock Township Appeal.

Argued October 8, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

54

*I. Edward Roth,* with him *Leo Kostman,* for appellant.

*Thomas F. Garrahan,* with him *H. W. McIntosh* and *J. S. McKelvy, Jr.,* for appellee.

OPINION BY RHODES, J., February 28, 1942:

The Township of Braddock has appealed from an order of the court below detaching from the township the lands described therein and annexing said lands to the Borough of Wilkinsburg. The power to make such order was conferred by section 1 of the Act of June 19, 1939, P. L. 430, 53 PS §19092-312.1.[1]

Under the Act of June 19, 1939, P. L. 430, 53 PS §19092-312.1 et seq., a proceeding was instituted by petition of the Peoples-Pittsburgh Trust Company, trustee for certain heirs of John S. McKelvy, deceased, presented to the Court of Quarter Sessions of Allegheny County for annexation of part of the Township of Braddock, a township of the first class, to the Borough of Wilkinsburg, a contiguous borough. Both are in Allegheny County, which is a county of the second class.[2]

---

[1] Section 1. "The court of quarter sessions of the proper county shall have power to change the limits of any first class township within this Commonwealth by detaching therefrom any portion of the territory embraced within said limits and by annexing the same to any contiguous first class township or contiguous borough or city of the second class, in accordance with the provisions of this act: Provided, however, That the provisions of this act shall not apply when the portion of any first class township to be annexed represents twenty per centum or more of the assessed value of such township."

[2] Section 2 of the Act of June 19, 1939, P. L. 430, 53 PS §19092-312.2, reads in part:

"The application to the said court for the purpose of diminishing the territory of a first class township in counties of the second class and annexing the same to any contiguous first class township or contiguous borough or second class city shall be in writing ......"

The execution of the petition in the name and on behalf of the corporate trustee was by its vice-president, attested by its assistant secretary. The corporate seal of the trust company was affixed thereto; the affidavit attached was made by the vice-president, and therein it was stated "that he is duly authorized to make this affidavit in behalf of said petitioner, and that the averments of fact set forth in said petition are true and correct." The trust company is trustee for the cestuis que trustent under certain deeds of trust, and by virtue thereof has the power, inter alia, to institute any proceeding in connection with the annexation of all or any part of the lands described in said deeds. The lands proposed for annexation are part of the lands described in the deeds of trust. All the interested parties joined in the petition and the prayer thereof.

The petition or application was first presented to the council of the Borough of Wilkinsburg, the annexing borough, which approved by ordinance the prayer of the petitioner. The petition was then presented to the court of quarter sessions, and the procedure set forth in section 3 of the Act of June 19, 1939, P. L. 430, 53 PS §19092-312.3, was followed. Appellant filed no answer. After several hearings, at which no testimony was offered by appellant, the court below, being satisfied that the requirements of the act had been complied with, and having denied appellant's motion to dismiss the petition, made the order from which this appeal has been taken.

This is a statutory proceeding, and the statute is silent on the right of appeal from the order. We may therefore review the case in the broadest sense of certiorari. *Grime et al. v. Department of Public Instruction et al.,* 324 Pa. 371, 375, 188 A. 337. "There is a distinction between certiorari in its broadest sense and appeal. In the former, while we may review the evidence, we can only determine whether there has been *an error of law* committed. Matters resting solely in

the judgment of the court below cannot be interfered with unless there has been a serious abuse of discretion": In re *Elkland Leather Workers' Ass'n, Inc.*, 330 Pa. 78, at page 80, 198 A. 13, at page 15.

Appellant submits to us four propositions, and argues that each constitutes an error of law committed by the court below, and that consequently the order should be reversed.

We shall first consider the constitutionality of the Act of June 19, 1939, P. L. 430, 53 PS §19092-312.1 et seq. Appellant maintains that this act is unconstitutional, and that the court below erred in not so holding. Section 2 of the Act (53 PS §19092-312.2) requires that the application for annexation "shall contain a description of the part of the township sought to be annexed, and shall be signed by eighty per centum of the qualified electors resident only in the territory desired to be detached and annexed, and shall be signed by the owners of at least eighty per centum of the assessed valuation of the real estate situate in the territory desired to be so detached and annexed, as shown by the last preceding assessed valuation of the taxable property therein."[3]

It is contended by appellant that this section in particular is unconstitutional in that it violates the fourteenth amendment to the Constitution of the United States and article 1, §9, of the Constitution of Pennsylvania. The only argument presented by appellant in support of this position is that there is nothing in the statute to permit all electors and property holders of the entire township to register their approval or disapproval of annexation which, if consummated, might result in disturbing the financial and tax struc-

---

[3] Section 7 of this act repealed the Act of July 2, 1937, P. L. 2803, No. 588, 53 PS §19092-3601 to §19092-3610, in so far as the provisions thereof are inconsistent with the Act of 1939; and also repealed all other inconsistent acts and parts of acts. See Act of May 13, 1937, P. L. 620, §1, 53 PS §19092-311.

ture of the township. We have no hesitation in saying that this act does not offend either constitutional provision. This conclusion is supported by abundant authority, and the principles underlying this type of legislation have been frequently stated. We shall limit our references to the following: *Pittsburg's Petition,* 32 Pa. Superior Ct. 210, affirmed 217 Pa. 227, 66 A. 348, affirmed in *Hunter v. Pittsburgh,* 207 U. S. 161, 28 S. Ct. 40, 52 L. Ed. 151; *Poor District Case (No. 2),* 329 Pa. 410, 196 A. 837; *Driskel et al. v. O'Connor et al.,* 339 Pa. 556, 15 A. 2d 366; *Darby v. Sharon Hill,* 112 Pa. 66, 70, 4 A. 722; 1 Dillon, Municipal Corporations, 5th Ed., §355; 1 McQuillin, Municipal Corporations, 2d Ed., §284. We deem it unnecessary to demonstrate, by again reviewing the applicable legal principles, that the act is not in violation of the due process clause of either constitution. An applicable and convincing discussion may be found in the cases cited.

There is likewise no merit to the assertion that the act is local and special legislation of a type repugnant to article 3, §7, of the Constitution of Pennsylvania. Both the title of the act and the enacting part disclose that it does not come within the characterization made by appellant. The act is general in its terms, and in no way attempts to evade the constitutional prohibition against local and special legislation. This is too clear for discussion. See amendment of November 6, 1923, to the Constitution of Pennsylvania, art. 3, §34; Act of June 24, 1931, P. L. 1206, §201, 53 PS §19092-201; *Tranter v. Allegheny County Authority et al.,* 316 Pa. 65, 77, 173 A. 289; *Hadley's Case,* 336 Pa. 100, 104, 105, 6 A. 2d 874.

Appellant next contends that as section 2 of the Act of 1939, 53 PS §19092-312.2, requires the signatures to the petition of 80 per centum of the qualified electors resident in the territory desired to be detached and annexed, and as it was not signed by any elector,

it was therefore fatally defective. This is the only question raised by appellant to the effect that the proceedings were not in conformity with the provisions of the Act of 1939, 53 PS §19092-312.1 et seq. The act provides a method of annexation of parts of first class townships in counties of the second class to contiguous cities of the second class, boroughs or other contiguous townships of the first class. If appellant's position is sustained, then there can be no annexation under the act of any portion of a first class township if there are no qualified electors resident "in the territory desired to be so detached and annexed," although the petition has been signed (as here) by the owners of 100 per centum of the assessed valuation of the real estate situate in such territory. The provision in the act providing for the signatures of 80 per centum of the qualified electors resident in the territory desired to be detached and annexed was manifestly made for the protection of the resident electors, if any, in the territory in order that annexation could not be made without the approval of a substantial majority. We find no implication in the act that there can be no annexation where there are no electors resident in the territory proposed for annexation. We agree with the court below that the provision for the assent of a certain percentage of the qualified electors resident in the territory desired to be detached and annexed was for the purpose of making it clear that those who were electors resident in the district affected were satisfied with the proposed change, and that where, as in the present case, there were no electors this provision of the act does not affect the validity of the petition. Appellant's contention that since there are no qualified electors resident in the territory there can be no annexation is, in our judgment, devoid of merit. See Statutory Construction Act of May 28, 1937, P. L. 1019, art. 4, §§51, 52 (1), 46 PS §§551, 552 (1). As the court below pointed out, that portion of the Township of Brad-

dock involved in these proceedings contains no qualified electors resident therein, and the only improvement of any kind in that part of the township is a gasoline station in which no one resides.

In this portion of appellant's argument it also refers to its third and fourth assignments of error. These assignments relate to the admission in evidence of the testimony of two witnesses who testified that there were no qualified electors on the lands described in the petition. These assignments are not comprehended in the statement of questions involved, and therefore will not be considered (*Hopkins v. Tate*, 255 Pa. 56, 62, 99 A. 210; *Spang v. Mattes, Ex'x*, 253 Pa. 101, 103, 97 A. 1026), except to say that appellant's objection to the admission of this evidence is without merit.

The third and largest part of appellant's argument is devoted to the statement that the vice-president of the Peoples-Pittsburgh Trust Company, the trustee and petitioner, did not have authority to sign the petition and affidavit, and that therefore the proceedings are void. As we have previously stated, appellant filed no answer to the petition as the act permits, and presented no testimony at the hearing. It was necessary that the petition set forth the requisite jurisdictional facts. At the hearing it was incumbent upon the petitioner to establish that the requirements of the law had been complied with. We are not convinced that this appellant has placed itself in a position to raise questions which have no material relationship to the fundamental issue of whether or not the proceedings were in conformity with the Act of 1939.

Assuming, however, that appellant may properly raise this objection, there is nothing in this record to show that the officer of the company who signed the petition was not authorized to do so. Besides, there is a presumption of law that the vice-president was authorized to sign the petition and make the necessary affidavit thereto. 3 Thompson on Corporations, 3d

Ed., §1620, p. 126. There is no question that under the terms of the deeds of trust the petitioner, as trustee, was especially authorized to institute any proceeding in connection with the annexation of all or any part of the lands described in the deeds.

" 'When the common seal of a corporation appears to be affixed to an instrument, and the signatures of the proper officers are proved, the courts are to presume that the officers did not exceed their authority, and the seal itself is prima facie evidence that it was affixed by proper authority': Angell & Ames on Corporations, sec. 224": *Little Saw Mill Valley Turnpike or Plank Road Co. v. Federal Street and Pleasant Valley Passenger Ry. Co.,* 194 Pa. 144, at page 149, 45 A. 66, at page 67. See, also, In re *Bond of Equitable Gas Co.,* 72 Pa. Superior Ct. 371, 376, 377; *Tucker et al. v. Erie and North-East R. Co.,* 27 Pa. 281; *York Ice Machinery Corp. v. Robbins et al.,* 323 Pa. 369, 372, 185 A. 626; *Ross v. Mayflower Drug Stores, Inc., et al.,* 338 Pa. 211, 216, 12 A. 2d 569; Act of May 5, 1933, P. L. 364, art. 3, §305, 15 PS §2852-305.

We are of the opinion that in any event the burden would have been on appellant to establish that the vice-president did not possess the authority which it belatedly questioned. In *Bank of the United States v. Dandridge,* 12 Wheaton 64, 70, 6 L. Ed. 552, Mr. Justice STORY, speaking for the Supreme Court of the United States, said: "If officers of the corporation openly exercise a power which presupposes a delegated authority for the purpose, and other corporate acts show that the corporation must have contemplated the legal existence of such authority, the acts of such officers will be deemed rightful, and the delegated authority will be presumed." In *Sun Printing and Publishing Ass'n v. Moore,* 183 U. S. 642, at page 651, 22 S. Ct. 240, 46 L. Ed. 366, Mr. Justice WHITE, said: "And it is well settled that the president or other general officer

of a corporation has power prima facie to do any act which the directors or trustees of the corporation could authorize or ratify."

In the absence of any proof that the proceedings were not authorized by the corporate trustee, the court below was entitled to presume that it was properly instituted by the corporate officers who executed and swore to the petition, in which all the interested parties under the trust joined. Moreover, the by-laws of the trust company, which were introduced in evidence, authorized its president or any one of its vice-presidents to execute any instrument in writing necessary or needful in relation to any real estate held by it as trustee.

Finally, appellant complains (sixth assignment of error) that the court below permitted petitioner to introduce further testimony after it rested its case. In matters of this kind we reverse only for a plain abuse of discretion. In the action of the court below we find none. *Com. v. Zang,* 142 Pa. Superior Ct. 573, 576, 16 A. 2d 745; *Koch v. Ziegler, Ex'x,* 130 Pa. Superior Ct. 158, 160, 196 A. 562; *Sheinman Bros. v. Hovland-Sardeson-McColm Co.,* 78 Pa. Superior Ct. 479, 485.

All the assignments of error are overruled.

The order of the court below is affirmed, at the cost of appellant.