## Braddock Township Appeal.

Argued May 7, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*I. Edward Roth,* with him *Leo Kostman,* for appellant.

*Thomas F. Garrahan,* with him *H. W. McIntosh,* of *McIntosh & Garrahan,* for appellees.

PER CURIAM, July 23, 1942:

This appeal by the Township of Braddock is from an order of the court below detaching a portion of the territory of that township and annexing the same to the Borough of Edgewood, a contiguous borough in the County of Allegheny. The proceedings were under the Act of June 19, 1939, P. L. 430, 53 PS §19092-312.1 et seq.

Appellant contends that the order should be reversed, the petition dismissed, and judgment entered in favor of appellant for two reasons. The first is that the Act of 1939 is unconstitutional in that it violates the fourteenth amendment to the Constitution of the United States, and article 1, §9, of the Constitution of Pennsylvania, and that the act is local and special legislation of a type repugnant to article 3, §7, of the Constitution of Pennsylvania. The same argument was presented in the *Appeal of Braddock Township*, 148 Pa. Superior Ct. 52, 24 A. 2d 705 (allocatur refused). We there held that the Act of 1939 was not unconstitutional on the grounds here assigned.

Appellant's second contention is that it was error to have filed the petition at the same number and term as discontinued proceedings. It seems that annexation proceedings were begun by petition filed in the court below at No. 17, December Sessions, 1940, and subsequently, because of a jurisdictional defect, were discontinued "without prejudice to the rights of said petitioners, or others with them, to institute and proceed with a new proceeding for the annexation of the said property to the said borough." A new petition was presented and ordered to be filed. In the office of the clerk of the courts the new petition was given the same number and term as the first petition upon which proceedings were ordered discontinued without prejudice; and the proceedings were then carried on to final determination. At most this was a docket error, and no rights of the parties were affected. We do not find that

any objection was made because the new petition was filed at No. 17, December Sessions, 1940, until the matters in controversy were heard on the merits, and even then there was no specific objection by appellant. At the argument before this court counsel for appellant conceded that appellant had not been prejudiced by this clerical error. Such a mistake is clearly within the control of the court wherein it occurs. *First National Bank of Clarion v. Brenneman's Executors*, 114 Pa. 315, 320, 7 A. 910.

The assignments of error are overruled.

The order is affirmed, at the cost of appellants.