**McClure, Plaintiff, v. BOYLE, Defendant.**

Common Pleas Court, Trumbull County.

No. 64781.   Decided January 2, 1957.

Robert E. Wentz, for plaintiff.
Leo Luchette, for defendant.

**OPINION**

By BIRRELL, J.

Plaintiff's petition alleges that on the 31st day of May, 1955, at the March term of the Court of Common Pleas of Mercer County, Pennsylvania, he recovered a judgment against the Defendant for the sum of $560.00 which judgment, he states, is still in full force, unreversed and unpaid. He files an exemplified transcript of the proceedings of said case in the office of the Clerk of Courts of Trumbull County, and prays that judgment may be had in Trumbull County against the Defendant for this sum. The Defendant, by his Answer, denies that any judgment was ever entered against him in the Court of Common Pleas of Mercer

County, Pennsylvania, and alleges that the suit in Pennsylvania "was assigned to an Arbitration Board in Mercer County," that he "at no time was afforded opportunity for a trial," and that the alleged Pennsylvania judgment of the Plaintiff is not entitled to full faith and credit in the State of Ohio."

The exemplification of the record from Mercer County, omitting the reference to the Docket and Judgment Entries, the dates of the various entries, service of the summons and other preliminary matters, is as follows:

"May 9, 1955, Praecipe for reference to Arbitrators filed by Roger B. Johnson, Attorney for the Plaintiff I hereby certify that I have given proper notice of the submission of this case for arbitration to all opposing counsel. Roger B. Johnson, Atty for Plff.

### "Appointment of Arbitrators

"The following members of the Mercer County Bar Association are named as Arbitrators, to hear testimony, make report and render their decision after final hearing:

D. W. Patterson, Chairman
Anthony Perfilio
L. R. Rickard

"Notice to Arbtrs. 5/17/55 Wm. A. Elder, Pro.

"AND NOW, May 31, 1955, we hereby accept service of notice of our appointment as Arbitrators in the within stated case.

D. W. Patterson, Chairman
Anthony Perfilio
L. R. Rickard

"May 31, 1955, Qualification of Arbitrators filed

### "Decision of Artitrators

"AND NOW, the 31day of May 1955, we the undersigned Arbitrators chosen in this case, after having been duly sworn and having heard the evidence and allegations of the parties, find in favor of the Plaintiff, Glen C. McClure and against the Defendant, William Boyle, in the amount of $560.00 and costs.

D. W. Patterson, Chairman
Anthony Perfilio
L. R. Rickard

"AND NOW, May 31, 1955, we have a notice of the filing of the within decision of Arbitrators.

Roger B. Johnson
Attorney for Plff.

Attorneys for Defendant

"AND NOW, May 31, 1955, Judgment is hereby entered in favor of the Plaintiff and against the defendant in accordance with foregoing decision of Arbitrators and the Rules of Civil Procedure.

William A. Elder, Pro."

The State of Pennsylvania provides, among its various laws a system of arbitration (Purdon's Pennsylvania Statutes, Title 5, consisting of 5 chapters captioned "ARBITRATION"). This system was originally en-

acted sometime before the year 1836, and has been amended at various times including the most recent amendment making arbitration in certain cases compulsory. The system provides for both voluntary and compulsory arbitration, for arbitration under contracts providing therefore, for the selection of arbitrators and Referees, and specifies their duties and authority. With reference to the award of the arbitrators and its effect, Sections 51, 53 and 54 (Purdon's Penna, Statute, Title 5) are as follows:

Sec. 51 Signing and transmission of award to prothonotary. As soon as the arbitrators shall have heard the evidence and allegations of the parties, they shall proceed to determine the matters in controversy, submitted to them, and they shall make out their award, which shall be signed by all, or a majority of them, and shall transmit the same to the prothonotary, within seven days after they shall have agreed upon the same.

Sec. 53 Award to be entered of record. It shall be the duty of the prothonotary receiving such award forthwith to enter the same, of record, in the proper dockets.

Sec. 54. To have effect of judgment. Every award so entered shall have the effect of a judgment, with respect to the party against whom it is made, from the time of the entry thereof, "and shall be a lien upon his real estate, until reversed upon appeal, or satisfied according to law."

It will be noticed that the action of the Arbitrators is not accorded the dignity of a judgment nor does the State of Pennsylvania claim that it is a judgment. At Spang v. Mattes, 253, Pa. 101, 97 Atl. 1026, the Pennsylvania Supreme Court says:

(3, 4) So far as concerns the point that no formal judgment was entered upon the award of the arbitrators, Section 24 of Act June 16, 1836 (P. L. 722) provides:

"Every award so entered shall have the effect of a judgment."

In construing an earlier arbitration act containing practically the same language as the act of 1836, we said:

"When the award of the arbitrators was returned to the prothonotary and entered on his dociet [docket] it had the effect of a judgment." Post v. Sweet, 8 Serg. & R. 391.

See also Ebersoll v. Krug, 3 Bin. 528, 529 and Richter v. Chamberlin, 6 Bin. 34.

In addition, the appellant is not in a position to question the fact of the judgment, since in Reading Trust Co. v. Mattes, supra, she appealed from the award in question, treating it as a final judgment, and we entered an order to this effect, "the judgment is affirmed."

According to Blackstone's definition "Judgments are the sentence of the law pronounced by the Court upon the matter contained in the record." Corpus Juris, at Volume 33, page 1047, Sec. 1 of its article on Judgments, summarizing the apparent consensus of opinion of cases all over our Country, states "In its broadest sense a judgment is the decision or sentence of the law given by a court of justice or other competent tribunal as the result of proceedings noted therein." Our Ohio Statute

sets out at Chapter 2323 entitled "JUDGMENT" under TITLE XXIII "COURTS COMMON PLEAS" of §2323.01 R. C. is: "A judgment is the final determination of the rights of the parties in action." Our Courts generally agree on the following definition quoted from the article on "Judgments" in 23 O. Jur. 3, pp. 528-0 as follows.

"The decision or sentence of the law pronounced by a court or other competent tribunal upon the matter contained in the record."

It must be noted that judgments are rendered by Courts.

The award of the Arbitrators (as stated above) is neither made by, nor approved by, any Pennsylvania Court, although by Pennsylvania law it is granted "the effect of a judgment with respect to the party against whom it is made * * * and shall be a lien upon his real estate." The case of Spang v. Mattes, supra, indicates that by appealing from the award of the arbitrators the Appellant is regarded by Pennsylvania Courts as becoming estopped to "question the fact (?) of the judgment." The evidence does not indicate that the defendant in this case appealed from the award nor accepted the award in any manner. Reference to Sec. 53 Pennsylvania laws above, clearly indicates that the authority of the prothonotary extends only to the entry of the award * * * "in the proper dockets."

A different situation exists with reference to judgments by confession. The Pennsylvania Statutes with reference thereto, authorize the prothonotary to enter judgments in such cases. Note 1 (Purdon's Statutes Title 12 p. 127, 129 & 130). Sec. 738 Judgment on Confession:

Sec. 738 Judgment on confession. It shall be the duty of the prothonotaries, respectively, on the application of any persons willing to become parties in an amicable suit, to enter the same without the agency of an attorney, and when thereunto required, and on confession in writing, executed in presence of two or more witnesses, expressing the amount due to the plaintiff (which confession shall be filed in his office), he shall enter judgment against the defendant for the amount expressed as aforesaid, with stay of execution as may be agreed upon by the parties, and the prothonotary shall receive fifty cents for every such entry, to be paid by the defendant in the suit, and when any suit is ended, the clerk of the Court before which it was pending shall, on the request of the Plaintiff, expressed in writing, enter satisfaction thereon.

Sec. 739 Judgments on Note, bond, etc. confessing judgment. "It shall be the duty of the prothonotary of any court of record, within this commonwealth, on the application of any person, being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney at law, or other person, to confess judgment, to enter judgment against the person or persons who executed the same, for the amount which from the face of the instrument may appear to be due, without the agency of an attorney, or declaration filed, with such stay of execution as may be therein mentioned, for the fee of one dollar, to be paid by the defendant; particularly entering on his docket the date and tenor of the instrument of writing on which the judgment may be

founded, which shall have the same force and effect as if a declaration had been filed, and judgment confessed by an attorney, or judgment obtained in open court and in term time; and the defendant shall not be compelled to pay any costs, or fee to the plaintiff's attorney, when the judgment is entered on any instrument of writing as aforesaid."

Under such authority such judgments entered by a prothonotary are clearly valid, and have been accorded full faith and credit by Ohio Courts. Sipes v. Whitney, 30 Oh St 69. It is also clear that the Pennsylvania legislature distinguished between the authority of the prothonotary to enter a "judgment" and his authority to enter a mere "award."

The Constitution of the United States provides "Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other State. And the Congress may, by general laws, prescribe the manner in which such acts, records and proceedings shall be proved and the effect thereof." (Article 4, Sec. 1, U. S. Constitution.) This provision requires that full faith and credit be given to the judicial proceedings of every other State. With reference to judicial proceedings this "full faith and credit" requirement requires the State of Ohio to accord "absolute verity" to the judgment of a sister state if it appears that the Court had jurisdiction of the parties and of the subject matter (9 O. Jur. 2d, 20, p. 677 et seq.) but this requirement extends only to the "judicial proceedings" and does not extend to matters not included within the definition of a judicial judgment (9 O. Jur. 2d, 24, p. 684).

In the record of the proceedings of the Pennsylvania Court no judgment is shown. The Courts of Ohio are therefore not bound to enter a judgment in Ohio upon what appears to be solely an award made by Arbitrators in the State of Pennsylvania, regardless of the effect which the laws of Pennsylvania may give to such award.

A similar situation is set forth and commented upon in the case of Foote v. Newell, 29 Missouri Reports, 400, wherein a Statute of Indiana provided that a bond given to obtain a stay of execution in a replevin proceedings "shall be taken as, and have the force and effect of, a judgment confessed in a court of record against the person or persons executing the same and against their estate, and execution may issue thereon accordingly." It was held that a judgment taken in the Courts of the State of Indiana "was not entitled (in Missouri) under the Constitution of the United States and the act of Congress to full faith and credit as a judgment of the State of Indiana. The Court states, at page 405:

"The question involved in this cause is not what faith and credit shall be given to a judicial proceeding of a sister state, but whether the instrument, the foundation of the action, is a judicial proceeding within the meaning of the constitution and the law. Indeed, if this is a judicial proceeding, it is difficult to find a reason why a state may not declare any contract or undertaking, on being filed with the clerk of a court of record, a judgment by confession and having the force and effect of a judgment, and thus make it a judicial proceeding within the meaning of the federal constitution. The statute of Indiana itself did

not regard the proceedings under the execution as judicial, for if it had been so regarded it would not have been necessary to declare that the bond be taken as, and have the effect of, a judgment confessed in a court of record. It is not usual for a tribunal performing judicial acts to declare the character of the acts: It is sufficiently apparent from the face of the proceedings themselves. If a state, in carrying out a policy of her own disapproved or discountenanced in other states, finds it convenient to give to proceedings having no affinity to judicial ones the force and effect of judgments, the other states are not required by the constitution to give to those acts the force and effect they may have in the state by which they were authorized."

Under these circumstances this Court finds that no judgment has been rendered in the Mercer County Common Pleas Court, and therefore Plaintiff has failed in this Court to prove a judgment to which this Court is required to give "full faith and credit."

With reference to the questions raised by the pleadings and briefs of the parties, the Court desires to make the following observations for the purpose of preserving the results of the Court's study on this matter.

Defendant, a resident of Ohio, claims that he was decoyed in to the State of Pennsylvania for the purpose of serving summons upon him in that state, alleging that he had been arrested in a Justice of the Peace Court, and was called there to plead to this charge at which time the summons was served upon him in the civil case. The record of service of summons in the Exemplification indicates that service of summons in the civil case was served "on William Boyle at Ralph Gilgore, Justice of the Peace Office, Hickory Township," which might lend some weight to this claim. However the case of **Albright v. Boyd, 85 Oh St 34,** holds at its first syllabus as follows:

"In an action brought in this state to recover upon a judgment rendered in another state, the defendant having been there personally served with process and having there unavailingly challenged the jurisdiction of the court over his person upon the ground that he had been fraudulently decoyed into that state for the purpose of effecting personal service upon him, will not be permitted here to challenge the validity of such service."

And this matter is further discussed at **Section 26, page 687-88** of the **9th O. Jur. 2d.**

Likewise Defendant, by his Brief claims that the Court of Pennsylvania refused to grant him a Jury trial. In support of this claim he cites **1 O. Jur. 2nd, Sec. 162, page 543** which refers to the case of **DeWitt v. State, 108 Oh St 513,** and **State v. Hershner, 118 Oh St 555.** Those cases ultimately hold that the imposing of a fifty per cent penalty on an employer who fails to pay his statutory award under the Workmen's Compensation Act, within a time so short that he is prevented from appealing to the Courts from the findings of the Industrial Commission, is unconstitutional.

Under the 1952 Amendment to the Pennsylvania Arbitration Act at Sec. 71 Purdon's Statutes, title 5 (See article on Compulsory Arbitration in Pennsylvania, American Bar Journal, Vol. 42, page 513, June 1956)

in order to appeal from the award of the arbitrators the party appealing must first repay to the County the fees of the members of the Board of Arbitration herein provided for. Such fees shall not be taxed as costs or be recoverable in any proceedings." It seems that the Supreme Court of Pennsylvania in considering the validity of "compulsory arbitration (application of Smith, 381 Pa. 223, 112 Atl 2nd, 625) stated: "The requirement that the appellant repay to the County the fees of the arbitrators is obviously designed to serve as a break or deterrent on the taking of frivilous and unjustified appeals; if there were no such provision the defeated party would be likely to appeal in nearly all instances and the arbitration proceedings would tend to became a mere nullity and waste of time." The public policy of the State of Ohio as set forth in the Ohio cases above cited does not approve the "break or deterrent on the taking of * * * appeals." And naturally Ohio would not approve such a restriction. That other states are in accord with the Ohio ruling in this respect is evident from the number of cases cited at the annotation at 39 A. L. R. 1181. However, perhaps if we were dealing with a judgment rendered by a Pennsylvania Court, Ohio would have been bound to grant it full faith and credit on the theory that the Court had secured jurisdiction of both the parties and the subject matter. It does not appear to be in accord with the generally accepted rule that costs should follow the judgment, to allow a county to exact a penalty upon a litigant because he happens to lose before an arbitration board in his first inning. **Silberman v. Hay, 59 Oh St 582.**

On the Motion to dismiss at the close of Plaintiff's evidence, Plaintiff's petition may be dismissed and all costs assessed against Plaintiff. An entry may be drawn accordingly.