## Commonwealth v. Zeigler

*George E. Christianson*, Assistant District Attorney, for Commonwealth.

*Meyer, Brubaker & Whitman*, for defendant.

GATES, P. J., June 21, 1967.—This matter is before us on the petition of defendants for the allowance of a writ of certiorari. Pursuant to our writ, the justice of the peace has returned copies of the criminal complaints, warrants, and a transcript. We have heard arguments by counsel, and the matter is ripe for our disposition.

The sole contention of defendants is that the evidence presented against defendants at the hearing before the justice of the peace did not establish a prima. facie case and, therefore, defendants were unlawfully bound over for court.

It is settled law in this Commonwealth that our review of a preliminary hearing before a justice of the peace on certiorari is narrow in scope. Ordinarily, certiorari deals solely with questions of law and not questions of fact; nor the admissibility, competency, sufficiency, or relevancy of the evidence heard by the justice of the peace; nor the merits of the case: 7 P. L. Encyc. 1 §1 et seq.

The new Rules of Criminal Procedure adopted by the Supreme Court of Pennsylvania clearly define the scope of the duties of the justice of the peace, now known as the "Issuing Authority", at the preliminary hearing. Further, it requires the maintenance of a docket which shall reflect 12 procedural matters of importance: Pa. R. Crim. P. 124.

Pa. R. Crim. P. 125 requires a return of a transcript

and original papers to court, which transcript must contain all of the information required to be recorded on the issuing authority's docket by rule 124.

An examination of these rules discloses that there is no requirement that the transcript summarize, abstract, or return verbatim testimony taken before the issuing authority. All that rule 124 requires in this regard is a statement as to whether the parties and witnesses were sworn and which of these persons testified, and the fact that a decision was rendered in the case and the date thereof. There is clearly no requirement that the transcript contain testimonial recitals sufficient in themselves to support the charges. The instant transcript does contain numerous factual recantations by the issuing authority, but these are surplusage. The matters of importance to the validity of this proceeding are that the witnesses were sworn and identified and that a decision was rendered by publicly stating that the issuing authority "found a prima facie case has been made out and therefore binds the defendants over for court".

Defendants submitted for our consideration stenographic notes of the testimony taken at the hearing, and it is from these notes that defendants urge we find these proceedings defective. This we cannot do. These notes are not a part of the record, and an examination by us of this testimony to determine its sufficiency to support the issuing authority's decision is beyond the scope of certiorari: 7 P. L. Encyc. 1 §30; Darby v. Sharon Hill, 112 Pa. 66.

Therefore, after due and careful consideration, we will make the following

## ORDER

And now, to wit, June 21, 1967, defendant's application for certiorari is dismissed, and the action of the issuing authority is hereby affirmed.